**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO. 05-450-S**

**LYNN M. SUTHERLAND**

**VS.**

**HYC, INC. and JEFFREY BARROWS**

**DEFENDANT, JEFFREY BARROWS', ANSWERS TO**
**PLAINTIFF'S INTERROGATORIES**

Now comes the defendant, Jeffrey Barrows, in the above entitled action, by and through its undersigned counsel, and submits herewith answers to Plaintiff's Interrogatories as follows:

**GENERAL OBJECTION**

The defendant objects to all of the plaintiff's Interrogatories insofar as they seek discovery of matters which constitute privileged communications or materials prepared in the anticipation of litigation or trial. By furnishing an answer to any Interrogatory, the defendant does not waive any of its general or specific objections to that or any other Interrogatory.

**INTERROGATORIES**

Q.1. Please identify each person whom you have retained to testify as an expert witness at the trial of this action, and for each person identified, please state:

a. the full name and business address of the expert witness;
b. the expert's field of specialization;
c. the subject matter on which the expert is expected to testify

d. the substance of the facts and opinions to which the expert is expected to testify; and
e. a summary of the grounds for each opinion.

A.1. Defendant does anticipate presenting Dr. Edward Nalebuff, Hand Surgical Associates, Inc., 125 Parker Hill Avenue, Boston, Massachusetts. He will present opinions consistent with his report, a copy of which has been provided to Plaintiff. Defendant also anticipates presenting the testimony of Deborah Veatch, Eleven Chester Street, Newton, Massachusetts, a vocational rehabilitation expert. She has not yet issued a report or examined the Plaintiff. A copy of her report will be provided upon receipt. Defendant also anticipates presenting a liability expert, an accident reconstruction expert, a valuation expert for the S/V HERITAGE and an expert economist. No decision has yet been made on these experts, as discovery is still ongoing. Defendant will supplement once a decision is made and opinions are prepared.

Q.2. Please state the name, address, and telephone number of each person known or believed by you to possess any knowledge concerning the incident that is the subject of this litigation, other than those individuals identified by plaintiff in her answers to interrogatories and for each person identified, give a brief description of that person's knowledge of the incident.

A.2. Defendant believes the following individuals have knowledge relative to the incident:

1. Plaintiff
Her address and information is contained in her deposition.
2. Plaintiff's husband Jack Sutherland and children Matthew and Kelly, who were also on the charter with the Plaintiff.
Defendant does not know their knowledge.
3. Mr. and Mrs. Boulukos, Mr. and Mrs. MacInnes, Mr. and Mrs. Hodson and their daughter Molly, and Robert Stearns and his daughter.

The addresses were provided in Plaintiff's Answer to Interrogatories. All were on the charter with the Plaintiff.

4. Jeffrey Barrows, 5 Marina Plaza, Newport, Rhode Island. Captain Barrows was the Captain of the S/V HERITAGE at the time of the incident.

5. Cedar Poirier, Newport, Rhode Island. She was a crewmember on the S/V HERITAGE at the time of the incident. She has knowledge relative to the events of that day.

6. Emily Labnon, 9/161 Willis Street, Te Aro, Wellington, New Zealand

She was a member of the crew of the S/V HERITAGE at the time of the incident. She has knowledge relative to the events of that day.

Q.3. If you have obtained written or other recorded statements from any person regarding matters alleged in Plaintiff's complaint, please provide the following information for each statement:

a. the name and address of the person from whom the state was taken;
b. the date the statement was taken;
c. the name and address of the person who took the statement; and
d. the name and address of all persons having custody of the statement or a copy thereof.

A.3. 1. Jeffrey Barrows, 14 Gregory Street, Marblehead, Massachusetts. The statement was taken on May 6, 2005 by Brian Morrissey of Marine Safety Consultants, Inc., 10 Mazzeo Drive, Suite 217, Randolph, Massachusetts. Clinton & Muzyka, P.C., attorney for Jeffrey Barrows, has custody of the statement and claim a privilege from production of the statement.

2. Emily Labnon, 9/161 Willis Street, Te Aro, Wellington, New Zealand. The statement was written on August 21, 2004 and was forwarded to Brian Morrissey, address previously provided. Clinton & Muzyka, P.C., attorney for Jeffrey Barrows, has custody of the statement and claim a privilege from production of the statement.

3. Katherine Boulukos, 862 Guy Lombardo Avenue, Freeport, New York 11520. The statement was taken on August 21, 2006 by Brian Morrissey of Marine Safety Consultants, Inc., 10 Mazzeo Drive, Suite 217, Randolph, Massachusetts. Clinton & Muzyka, P.C., attorney for Jeffrey Barrows, has custody of the statement and claim a privilege from production of the statement.

4. In addition to the above, Defendant has copies of statements that were given to the United States Coast Guard.

Q.4. Please provide the name and address of each person who after the incident occurred, examined the sailing yacht involved in the incident, and state the date of each such examination and whether photographs and/or video recordings were taken.

A.4. Defendant objects to Interrogatory No. 4 on the basis that it seeks information protected by the attorney/client privilege and/or the work product doctrine for which a showing sufficient to satisfy Rule 26(b)(3) has not been proffered. Without waiving said Objection, defendant states that copies of any photographs that were taken will be provided to Plaintiff in response to a Request For Production of Documents.
The only individuals to examine the vessel after the accident were Brian Morrissey, as part of his investigation and the attorneys for Jeffrey Barrows and HYC, Inc.

Q.5. State whether you have one or more policies of insurance that may afford coverage for the claims in this action, and if so, please state as to each policy:

a. the name of the insurer;
b. the type of policy;
c. the named insured(s);
d. the limits of the policy; and
e. the effective dates of the policy.

A.5. In lieu of responding to Interrogatory No. 5, copies of the applicable policies and/or declaration pages will be provided, from which the requested information can be ascertained.

Q.6. State whether you have any additional policies of insurance, typically known as “excess” or “umbrella’ policies, which may afford coverage for the claims in this action. If so, please state as to each policy:

a. the name of the insurer;
b. the type of policy;
c. the named insured(s);
d. the limits of the policy;
e. the effective dates of the policy; and
f. the level or levels of coverage provided by this “excess” or “umbrella” policy.

A.6. In lieu of responding to Interrogatory No. 5, copies of the applicable policies and/or declaration pages will be provided, from which the requested information can be ascertained.

Q.7. State whether any photographs or videotapes were taken by you, your agents, servants, employees, insurers or attorneys of the scene of the incident, and if so, please state by whom and when such photographs or videotapes were taken and the name and address of the person(s) who has/have possession of the photographs or videotapes.

A.7. Defendant objects to Interrogatory No. 4 on the basis that it seeks information protected by the attorney/client privilege and/or the work product doctrine for which a showing sufficient to satisfy Rule 26(b)(3) has not been proffered. Without waiving said Objection, defendant states that copies of any photographs that were taken will be provided to Plaintiff in response to a Request For Production of Documents.

Q.8. If you claim that plaintiff made any admissions concerning the matters alleged in the complaint, please state the date, time, and place when each admission was made, the names and addresses of all persons believed to have witnessed each admission, and the substance of each admission.

A.8. Defendant is not aware of any admissions at this time. As discovery is ongoing, Defendant reserves the right to supplement this response should he become aware of any admissions.

Q.9. If you or your agents, employees, insurers or attorneys or representatives had any conversations with plaintiff or her family members concerning the subject matter of this case, at the time of or subsequent to the incident, please state when and where each conversation took place, the name and address of all persons present, and the substance of each conversation.

A.9. Defendant had no such conversations.

Q.10. Identify any and all procedure manuals, instruction sheets, information booklets and/or the like concerning the subject sailing yacht and its intended use as a yacht for charter and/or hire.

A.10. There is a Heritage Crew Check List that is given to all crewmembers.

Q.11. Identify any and all promotional/advertising materials, print ads, brochures, and/or the like that were used by you to advertise and/or otherwise market charter sails aboard the subject sailing yacht.

A.11. The vessel is advertised on the web site for 12 Meter Charters at www.12metercharters.com. It was also advertised in Newport Life Magazine for three issues in 2003, in the 2003 Newport Harbor Guide and the 2003 Newport Travel Guide. Additionally, there is a pamphlet put out by Classic 12 Meter Charters which has pictures of

the vessel, along with other vessels, but does not specifically identify the S/V HERITAGE.

Q.12. Identify any and all documents concerning the incident which is the subject of this litigation that have not yet been identified and/or produced by any of the parties to this litigation.

A.12. Defendant objects to Interrogatory No. 12 on the basis that it is vague and ambiguous. Without waiving the objection, defendant states that he is not aware of any documents that have not been identified that are relevant to the litigation.

Q.13. Have you or your agents, servants and/or employees given any statements or reports to any person, firm or corporation regarding the incident which is the subject of this litigation? If so, state the date each such statement given, the name, address and occupation of the person to whom said statement was given, and the name and address of the person, firm or corporation having possession of said statement.

A.13. Jeffrey Barrows gave a statement to the United States Coast Guard, a copy of which is in the United States Coast Guard Investigation Report. He and Emily Labnon also provided statements to Brian Morrissey. The details of those statements are provided in response to Interrogatory No. 3.

Q.14. Other than this action, have you ever been sued or had a claim brought against you for personal injuries sustained on the subject sailing yacht? If so, please state the name and address of the parties making each claim or suit, the court in which the action was brought, and the disposition or each case or claim.

A.14. No.

Q.15. State the facts upon which you base your affirmative defense that "if the plaintiff sustained personal injuries as alleged, which is specifically denied, it was due to the action and/or omissions of individuals for whom the defendants are not legally responsible."

A.15. As discovery is ongoing, Defendant is unable to respond to this Interrogatory. Defendant will supplement this response should discovery reveal any other responsible party.

Q.16. State the facts upon which you base your affirmative defense that "if the plaintiff sustained personal injuries as alleged, which is specifically denied, it was due in whole or in part to the plaintiff's own negligence and failure to exercise the degree of care, skill, and knowledge of a guest/passenger of the plaintiff's experience and not due to any negligence or fault on the part of defendants nor any person or persons for whom the defendants may be legally responsible."

A.16. Plaintiff failed to observe an open and obvious condition. In addition, Plaintiff was comparatively negligent for placing her hand in a dangerous position knowing the operation of the vessel and with full knowledge that the vessel would be coming about. Further, Plaintiff failed to observe and pay attention to the warnings when given by the Captain and failed to abide by the Captain's instructions to keep all hands and fingers free of moving lines and turning blocks.

Q.17. State the facts upon which you base your affirmative defense that "if the plaintiff sustained personal injuries as alleged, which is specifically denied, such injury was without the fault, knowledge, or privity of the defendant; that the damages claimed herein exceed the value of the vessel; including her pending freight; and the defendant herewith claims benefit of any and all laws and states of the United States of America, including but not limited to,

Limitation of Liability of the defendants, 46 USCA, Appx.§ 183(b).”

A.17. Defendant HYC, Inc. and Jeffrey Barrows are entitled to Limitation of Liability pursuant to 46 U.S.C. §183 and Rule F of the Supplemental Rules of Certain Admiralty and Maritime Claims because the incident occurred without the vessel owners knowledge or privity.

Q.18. State the facts upon which you base your affirmative defense that “the defendants (sic) failed to state a cause of action against defendant, Jeffery Barrows, on the basis that he was neither the owner nor operator of the S/Y Heritage on August 21, 2004.”

A.18. The vessel is owned by HYC, Inc. Further, the vessel was under charter to Port Washington Yacht Club.

Q.19. State the name and current or last known address of all persons who served as crew members aboard the S/Y Heritage during the charter sail in which plaintiff was injured.

A.19. Captain Jeffrey Barrow, address previously provided, Deckhands Cedar Poirier, address provided in her deposition, and Emily Labnon, address provided in response to Interrogatory No. 3.

Q.20. State the name and current or last known address of all persons, in addition to those listed in response to Interrogatory 19, who served as crew members aboard S/Y Heritage during 2004.

A.20. Defendant objects to Interrogatory Number 20 on the basis that it seeks information that is irrelevant and not likely to lead to admissible information. Without waiving the objection, Defendant states that in addition to the crewmembers that were on the vessel at the time of the incident, the following were members of the crew during the 2004 sailing season:

1. Hans Vanlawker
30 J.H.Dwyer Drive
Middletown, Rhode Island 02842

2. Jay Adams
c/o 12 Meter Charters
5 Marina Plaza
Newport, Rhode Island

3. Frank Lotito
12 Draper Avenue
Middletown, Rhode Island

4. Rebecca Maier
6 Sunnyside Place
Newport, Rhode Island

5. Tracey Wuori
1506 Catherine Street
Key West, Florida

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 6th DAY OF NOVEMBER, 2006.**

By: “/s/ Jeffrey Barrows”
JEFFREY BARROWS

**OBJECTIONS BY:**

**Robert E. Collins**
**Bar No. 2951**
**CLINTON & MUZYKA, P.C**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165