**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO. 05-450-S**

**LYNN M. SUTHERLAND,**
**Plaintiff,**

**VS.**

**HYC, INC. and JEFFREY BARROWS,**
**Defendants.**

**DEFENDANTS' ASSENTED TO MOTION FOR EXTENSION OF DISCOVERY**

Now come the defendants, HYC, Inc. and Jeffrey Barrows, in the above entitled action, by their attorneys and moves this Honorable Court for an extension of time to complete discovery up to and including January 31, 2007. Discovery is presently scheduled to conclude on December 12, 2006. The parties request that discovery conclude on January 31, 2007. The parties do anticipate that there will be a number of expert witnesses in this admiralty personal injury case. The parties request that the Plaintiff be given until February 28, 2007 in which to disclose her expert witnesses and submit the expert reports pursuant to Rule 26(a)(2). The parties further request that the defendants be given until March 30, 2007 in which to disclose their expert witnesses and submit the expert reports pursuant to Rule 26(a)(2). The parties request that they be granted a thirty day period, up to and including April 30, 2007 in which to conclude expert

depositions. The pretrial memoranda will be due on May 31, 2007. As a basis for such extension, the Defendants state as follows:

1. This is a personal injury action brought by a passenger on the 12-meter yacht HERITAGE on August 31, 2004. In the accident, Plaintiff suffered a finger amputation. She is alleging permanent disfigurement, lost income, loss of earning capacity and pain and suffering.

2. Plaintiff is a resident of Manhasset, New York and was aboard the vessel as part of a charter by the Port Washington Yacht Club. Aboard the vessel as the time of the injury were Captain Jeffrey Barrows and two crewmembers. The remaining charter passengers were from the Port Washington Yacht Club.

3. The parties have conducted an unsuccessful mediation before United States District Court Mediator Berry Mitchell on July 27, 2006. As of that date, the parties had concluded the deposition of the Plaintiff and had her examined on behalf of the Defendants by Dr. Edward Nalebuff in Boston, Massachusetts.

4. Since the mediation, the parties have been conducting extensive discovery. The deposition of Defendant Jeffrey Barrows, the Captain of the vessel and the principal officer of the vessel owner, Defendant HYC, Inc., has been concluded. Additionally, the depositions of

the two female crewmembers, Cedar Poirier and Emily Labnon, have been concluded. Both female crewmembers are not anticipated to be available for trial because they will be out of the district, so besides a discovery deposition their testimony for trial has been preserved by a video-taped deposition.

5. The parties are presently conversing with Mr. and Mrs. McInnes, who were charterparty passengers, for a deposition in Boston. They are residents of Beverly, Massachusetts.

6. Remaining to be done is to schedule a mutually convenient date for depositions of the remaining passengers in the New York and Long Island vicinity. This is anticipated to take three days to conclude those depositions. The ability of the parties to conclude these depositions has been hampered by the trial schedules of the attorneys involved in this matter.

7. Further, Defendant has engaged Deborah Veatch of Newton, Massachusetts, to conduct a vocational rehabilitation assessment of the Plaintiff. Plaintiff has agreed to an examination of Mrs. Sutherland by Ms. Veatch, but this has been complicated by the fact that Plaintiff had further surgery on her hand in October and is currently undergoing daily physical therapy. It is anticipated that the vocational rehabilitation assessment interview will

take place in January, 2007 in New York. The ability of the Plaintiff to return to work as an interior designer or to earn money in some other capacity is a major issue in this litigation.

8. The undersigned has conferred with Plaintiff's counsel and he joins in and assents to the motion.

WHEREFORE, the defendants pray this Honorable Court grant an extension of time to conclude fact discovery, up to and including January 31, 2007. The defendants further pray that the Plaintiff designated her experts on February 28, 2007 and the Defendants designate their experts on March 30, 2007. The defendants further pray that they be granted a one month period, up to and including April 30, 2007 to conclude expert depositions and the pretrial memorandum is to be filed on or before May 31, 2007.

By its attorneys,

**CLINTON & MUZYKA, P.C.**

"/s/ Robert E. Collins"
**Robert E. Collins**
**Bar No. 2951**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

Dated: November 28, 2006