**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

LYNN M. SUTHERLAND

vs. C. A. NO.: 05-450 S

HYC, INC. and JEFFREY BARROWS

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF OBJECTION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff objects to defendants' motion for summary judgment, for the reason that the deck-mounted turning block that severely injured her right hand is not the kind of dangerous condition that can be deemed to be open and obvious, so as to relieve defendants of their obligation to warn their charter passengers about the danger posed by the block. Summary judgment based on such an argument can only be granted when the only conclusion that a factfinder could reach from the evidence is that the dangerous condition was open and obvious. McMellon v. U.S., 338 F.3d 287, 302 (4th Cir. 2003). That is clearly not the case here, where the danger was a piece of sailing equipment on a sophisticated racing yacht and plaintiff was merely a passenger on the yacht who had no knowledge of sailing and was not participating in the sailing of the yacht.

Defendants' memorandum (but not their motion) argues conclusorily, without briefing or discussion of facts, that defendants are also entitled to summary judgment because "appropriate warnings were issued satisfying any requirement to the plaintiff." (Memorandum at 2). Since this argument has neither been formally stated in defendants' motion nor briefed in their memorandum, it should not be considered. Even if considered, the argument is clearly meritless as there is abundant witness testimony that

no warnings of the dangers of turning blocks were given, which creates the kind of factual issue that precludes summary judgment.

## I. FACTS

While defendants' statement of uncontested facts (Memorandum at 4-21) and their narrative of the events leading up to plaintiff's injury (Memorandum at 22-29) are generally accurate, there are some facts that plaintiff disputes or that require clarification. First, the testimony of defendant Barrows that he warned passengers to keep their hands clear of the lines and blocks on the yacht is refuted by virtually all of the passengers on the charter. See Plaintiff's Statement of Disputed and Undisputed Facts, ¶ 2. The passengers testified that Barrows briefed them only about the racing that would be undertaken, the sail that would be used, and the location of the lifejackets and the head. Joan MacInnes, for example, testified that Barrows discussed these topics, but when counsel for defendant asked her whether Barrows warned the passengers about the lines she answered, "Absolutely did not say it." (Deposition of Joan MacInnes at 27-28[1]).

Second, while defendant correctly concedes that plaintiff stayed in the cockpit area of the yacht for the entire sail and "did not pay much attention to the operation of the vessel" (Memorandum at 27), they incorrectly describe her as "a novice sailor." (Memorandum at 27). Plaintiff was not a novice sailor; she was not a sailor at all, having had no training or experience sailing boats. She did not watch how the yacht was being operated, or how the lines and pulleys were working during the sailing maneuvers. As she testified at her deposition, "For me, it was a pleasure cruise." (Deposition of Lynn

[1] Deposition excerpts referenced in this memorandum have been submitted as attachments to Plaintiff's Statement of Disputed and Undisputed Facts.

M. Sutherland at 93). "I wasn't really involved in the sailing at all. I was just a guest." (Deposition of Lynn M. Sutherland at 96).

## II. ARGUMENT

While there is no dispute in this case about the historical facts of how the vessel's equipment was set up and operated, or the sequence of events that led to plaintiff's injury, there is a clear factual dispute about whether the turning block that injured plaintiff was an open and obvious danger so as to relieve defendants from an obligation to warn their passengers about it. "Summary judgment is proper if the evidence 'is so one-sided that one party must prevail as a matter of law.'" Petitti v. New England Tel. & Tel., 909 F.2d 28, 30 (1st Cir. 1990) quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Here, the evidence is not so one-sided that defendants must prevail on this open and obvious issue as a matter of law. Rather, the evidence is so one-sided that the danger from the turning block was not open and obvious that defendants simply cannot prevail on this issue.

It is undisputed that plaintiff was not a sailor and was not familiar with sail boats. It is also undisputed that she was not participating at all in the sailing of the vessel. Therefore, she would have no basis for identifying the turning block on the deck of the vessel, or comprehending what a turning block was and how it functioned, even if she happened to see it before it injured her. There is no dispute that the turning block was positioned behind plaintiff as she stood or leaned back against the deck in the cockpit area of the vessel, so she would have no way of even seeing the block during the sail. To conclude that the danger posed by the turning block was open and obvious, one would have to posit that the block was in a position where it would be seen by passengers such

as plaintiff who had their backs to it, and that the function of the turning block would then have been understood by the observer, even though the block and line running into it might have been motionless at the time they were seen. Contrary to what defendants' motion suggests, the only reasonable conclusion that can be drawn from the undisputed facts is that the risk of danger from the turning block was not open and obvious to a non-sailor passenger such as plaintiff.

Defendants have cited only two maritime cases that have granted summary judgment against a plaintiff based on the open and obvious defense, and the facts of those cases illustrate how inappropriate summary judgment would be under the facts of this case. In Zahares-Cody v. Norwegian Cruise Line, Ltd., 2005 A.M.C. 994, 2005 WL 3692832 (Fla. Cir. Ct., 2005), summary judgment was granted to a cruise ship operator in a personal injury case brought by a passenger who was injured when she ventured out onto the ship's deck during a tropical storm and was blown to the deck by hurricane-force winds. Finding that "[t]he Plaintiff knew, or should have known, by the ordinary use of her senses, that it was dangerous to stand on the deck in the conditions on the day in question," Id., 2005 A.M.C. at 996, the court ruled that the defendant had no duty to warn plaintiff of the danger of hurricane-force winds, a danger of which "she was as much aware as they." Id., at 997. Certainly, the obviousness of the risk posed by hurricane-force winds is not even remotely comparable to the risk of injury posed to plaintiff in this case by the piece of unfamiliar sailing equipment mounted on the deck of a sophisticated racing yacht.

Defendants also cite Luby v. Carnival Cruise Lines, Inc., 633 F. Supp. 40 (S.D. Fla., 1986), where plaintiff tripped and fell on a ledge that surrounded the shower in the

bathroom of her cruise ship cabin. The court granted summary judgment to defendant, ruling that the ledge that separated the shower from the rest of the bathroom "was, or should have been, obvious to Mrs. Luby by the ordinary use of her senses." Id. The court noted that plaintiff had been on this very cruise ship before and that she had testified that she admitted that she did not expect the shower floor to be level with the bathroom floor. Again, there is simply no similarity between a familiar cruise ship cabin shower enclosure and an unfamiliar piece of sailing equipment mounted on the deck of an America's Cup 12-meter yacht.

Other cases analyzing the open and obvious defense outside of the maritime context similarly limit its application to facts that demonstrate a danger that is commonly encountered and automatically understood and appreciated. See Kuras v. International Harvester Co., 820 F.2d 15, 18 (1st Cir. 1987) (" the danger posed by the moving blade of the lawnmower is an open and obvious one."); Diodato v. United States, 972 F.2d 337 (1st Cir. 1992) (danger of electrocution from contacting live power lines); Bonney v. Canadian National Railway Company, 800 F.2d 274 (1st Cir. 1986) (danger of falling from an unguarded railroad bridge); Gorfinkle v. US Airways, Inc., 431 F.3d 19 (1st Cir. 2005) (danger of falling from climbing onto and walking on top of stacks of luggage); Lederman v. Pacific Industries, Inc., 119 F.3d 551 (7th Cir. 1997) (risk of injury from diving head-first into a pool of unknown depth at night); Shaffer v. AMF, Inc., 842 F.2d 893 (6th Cir. 1988) (danger of serious injury when riding a motorcycle that is struck by another vehicle).

A theme common to all of these cases where the danger was found to be open and obvious, including the Zahares-Cody and Luby cases relied upon defendants, is that the

danger is one that people would routinely and regularly encounter in their daily lives. Everyone has experienced the force of strong winds. Everyone has either used a lawnmower or seen one being used, and knows that it employs a sharp blade. Everyone has had the experience of stepping over a ledge of some kind or shape to get into a shower. Everyone knows from the exercise of simple common sense that if a motorcycle is struck by a car, serious injury will result. The same clearly cannot be said about the danger posed by a turning block mounted on the deck of a racing yacht.

Moreover, plaintiffs in the cases where the danger is found to be open and obvious are usually encountering the risk that injured them at the time they were injured. In Zahares-Cody, plaintiff was walking out into the hurricane-force winds. In Luby, plaintiff was entering the shower. In Kuras, plaintiff was using the lawnmower. In Diodato, plaintiff was working with the crane that touched the power lines. And so on. Under such circumstances, the risk was not only one that would be commonly understood by the average person to pose a risk of harm, but the plaintiff herself was actually encountering, and aware of, the condition or mechanism that was to cause the injury. In the instant case, however, not only is a turning block not the kind of danger that one would commonly encounter, but plaintiff was not even encountering it at the time she was injured. She was not involved in sailing the vessel at all, and was facing away from the block at the time she was injured. Since the turning block is not like the dangers that injured the plaintiffs in the cases cited above, and plaintiff was not actively confronting the danger the way the plaintiffs in those cases were, she should not be held to have been injured by an open and obvious danger.

Defendants' entire argument (Memorandum at 32-33) appears to be based on one answer plaintiff gave at her deposition, when counsel for defendant asked her whether, "if you had looked at the lines going into this block or this pulley system, the turning block as they call it, and you saw the lines moving in and out, you would have known that if you put your hand in there, that that would have caused damage to your hand; isn't that correct?" Plaintiff answered, quite naturally, that anyone looking at the block and watching the lines moving through it would have realized that placing one's hand in the block would cause injury. She added, also quite naturally, "I didn't see it obviously when I leaned back and placed my hand on the boat. I didn't see it. And I certainly, knowingly would not stick my hand in a winch." (Deposition of Lynn M. Sutherland at 134-135, emphasis added). Defendants' question asked plaintiff whether, if she had looked at the lines and block and if she had seen the block and the lines moving in and out of it, she would have recognized the danger. Her affirmative answer does nothing to demonstrate that the danger posed by the block was open and obvious, because it asks her to assume that she had seen the block in operation, whereas plaintiff had not seen the block prior to her injury and therefore had no way of knowing where it was, what it was, or how it operated. Prior to her injury, she was simply trying to enjoy the sail as a passenger, not a participant, and remain in an area where she would be comfortable and safe. Since she was not participating in the sail, or using any of the equipment on the vessel, including the turning block, she was not encountering the dangers posed by the block in any way that would have made those dangers open and obvious to her. What she would have thought if she had seen the block before her injury is irrelevant, except to the extent that it shows that this serious injury would easily have been avoided if

defendants had taken the simple and obvious precaution of warning their passengers about the blocks.

This deposition answer cited by defendants shows the fallacy of their unsupported assertion (Memorandum at 33) that "the plaintiff appreciated the nature of the alleged danger and risk." There is absolutely no evidence that plaintiff knew about the block or appreciated how it worked or what dangers it posed. Defendants' argument is, rather, that plaintiff should have perceived the block, watched it in operation, and educated herself about the risk posed by it. This is clearly not a passenger's obligation.

The sole ground for defendants' motion, as stated in the motion itself, is "that the risk of injury due to the turning block was an open and obvious condition for which there is no duty to warn." Nevertheless, defendants' memorandum identifies an alternative ground for summary judgment, "that appropriate warnings were issued satisfying any requirement to the plaintiff." (Memorandum at 2). This alternative argument is not briefed in the memorandum. Defendants are clearly not entitled to summary judgment on this alternative argument because, as demonstrated in Plaintiff's Statement of Disputed and Undisputed Facts, ¶ 2, there is ample deposition testimony that defendants did not warn their passengers about the presence of lines and turning blocks and to keep their hands away from them. This clear factual dispute on the question of whether warnings were given precludes summary judgment on that argument.

## III. CONCLUSION

For these reasons, defendants are not entitled to summary judgment on either their open and obvious defense or on the issue of whether adequate warnings were given. Therefore, their motion for summary judgment should be denied.

Respectfully submitted,

LYNN M. SUTHERLAND

By her Attorneys,

Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903
Telephone: (401) 272-1110
Facsimile: (401) 351-6641

/S/John S. Foley
John S. Foley #2060

## CERTIFICATION

I hereby certify that I served the within document by electronic filing to the following counsel of record: Robert E. Collins, Esq., rcollins@clinmuzyka.com and Michael R. Hagopian, Esq., michael@mhagopianlaw.com; and by regular mail, postage prepaid, to **Thomas J. Muzyka, Esq.**, Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, MA 02108, on the 21st day of September, 2007.

/S/John S. Foley
John S. Foley Bar #2060

Sutherland P052