**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

LYNN M. SUTHERLAND

vs. C. A. NO.: 05-450 S

HYC, INC. and JEFFREY BARROWS

**PLAINTIFF'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

Pursuant to LR Cv 56(a)(4), plaintiff submits this Statement to dispute certain facts stated by defendants to be uncontested, and to assert facts which she claims are undisputed but have not been addressed by defendants' statement of facts. The deposition excerpts that are referenced in support of the factual assertions listed below are attached to this statement.

## I. DISPUTED FACTS

1. Plaintiff disputes that defendant Jeffrey Barrows was at all relevant times "the principal officer of HYC, Inc." Defendants' Statement of Uncontested Facts, No. 3, Memorandum at 5 (emphasis added). In fact, Barrows was the only officer of HYC, Inc.; he was the President, Vice President, Treasurer, Secretary, and the only director of the corporation. (Deposition of Jeffrey Barrows, at 13).

While not relevant to the instant motion, these facts are relevant to the limitation of liability defense raised by defendants, and plaintiff disputes the facts as stated by defendant in order to prevent this fact from being deemed admitted under LR Cv 56(a)(3).

2. Plaintiff disputes that defendant Barrows gave the "orientation and safety briefing" that is described in defendants' Statement of Uncontested Facts, No. 16. Plaintiff disputes that Barrows said anything to the passengers other than that there would be some type of racing, among the various charter boats, that only the jib sail would be used, and to describe the location of the lifejackets, the head, and the first aid kit. (Deposition of Joan MacInnes at 27-28; deposition of Duncan MacInnes at 19-20; deposition of Robert Hodson at 11; deposition of Robert Stearns at 14-15).

## II. UNDISPUTED FACTS

Plaintiff claims that there is no dispute about the following facts:

1. Plaintiff is neither a boater nor a sailor. As a child, her family owned a speed boat and a Sunfish, but she did not operate them. Her children owned small sailboats, but she never went on them. She never took any boating or sailing training as a child. (Deposition of Lynn M. Sutherland at 51-56, 77-79).

2. During the charter sail on which she was injured, plaintiff was not observing how the yacht was being operated, but was looking out on the water, enjoying the sail as a pleasure cruise. She was not involved in the sailing of the vessel at all. (Deposition of Lynn M. Sutherland at 90-93, 96).

3. S/V Heritage was, at the time it was built, planned and built to compete in the America's Cup competition. It was designed as a state-of-the-art racing yacht, not as a pleasure yacht to carry passengers on pleasure cruises. (Deposition of Jeffrey Barrows at 29-30).

LYNN M. SUTHERLAND

By her Attorneys,

Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903
Telephone: (401) 272-1110
Facsimile: (401) 351-6641

/S/John S. Foley
John S. Foley #2060

## CERTIFICATION

I hereby certify that I served the within document by electronic filing to the following counsel of record: Robert E. Collins, Esq., rcollins@clinmuzyka.com and Michael R. Hagopian, Esq., michael@mhagopianlaw.com; and by regular mail, postage prepaid, to **Thomas J. Muzyka, Esq.**, Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, MA 02108, on the 21st day of September, 2007.

/S/John S. Foley
John S. Foley Bar #2060

Sutherland P050