**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO. 05-450-S**

**LYNN M. SUTHERLAND,**
**Plaintiff,**

**VS.**

**HYC, INC. and JEFFREY BARROWS,**
**Defendants.**

**DEFENDANTS, HYC, INC. AND JEFFREY BARROWS',**
**REPLY MEMORANDUM**

Now come the defendants, HYC, Inc. and Jeffrey Barrows, in the above-entitled action, by their attorneys, Clinton & Muzyka, P.C., and submit their Reply Memorandum to Plaintiff's Opposition to Defendants' Motion for Summary Judgment.

**POSITIONING OF BLOCK**

The defendants maintain that there is no duty to warn the plaintiff of the potential risk/danger posed by the turning block because it is an open and obvious condition.

The plaintiff claims that the turning block was not an open and obvious condition by relying on several arguments. First, the plaintiff argues that the turning block was not open and obvious to her because she was positioned on the vessel's starboard side with her back to the block.

This argument fails for several reasons. The plaintiff testified that she was in the vessel's cockpit on the portside [facing the starboard side] some ten (10) minutes before the injury and at various other times during the day she moved from one side to the other. See Plaintiff's deposition at 91-92, 119 attached hereto as Exhibit 1 to the Affidavit of Robert Collins. Thus, for this portion of the cruise/race, she was directly facing the starboard turning block.

Further, there are two identical turning blocks adjacent to the vessel's cockpit, one located on the portside and the other one on the starboard side. Each time the jib sail is transferred from one side of the vessel to the other, both turning blocks are utilized. One turning block releases the sheet [line] while the other hauls in the sheet [line]. See Deposition of Cedar Poirier at 17, 23, 33 and 43 attached hereto as Exhibit 2 to the Affidavit of Robert Collins. Therefore during the entire cruise/race while the plaintiff is positioned in the cockpit an operating turning block is visible to her at all times.

**EVERYONE KNOWS TEST**

In their Memorandum in Support of their Motion for Summary Judgment, the defendants cited to *Zahares-Cody v. Norwegian Cruise Line, Ltd.,* 2005 A.M.C. 994 (11th. Fla.

Cir. 2005) and *Luby v. Carnival Cruise Lines, Inc.,* 633 F.Supp. 40 (S.D.Fla. 1986) in support of their position that there is no duty to warn of an open and obvious condition. The plaintiff does not dispute this authority, but argues that the "danger" in the case at bar is different from the dangers encountered in those cases, apparently proposing an "Everyone Knows" test. In proposing this distinction, the plaintiff misapplies it to the facts of the case at bar.

In the open and obvious defense, it is not whether the turning block was visually observable, but whether the risk/danger posed by the turning block is open and obvious. This distinction was explained by the court in *McMellon v. United States*, 395 F.Supp.2nd 422 (S.D.W. Virg. 2005). That case involved a claim against the United States resulting from personal injuries to boaters when their craft went over a dam operated by the Army Corps of Engineers. The plaintiffs therein alleged failure to warn and the government defended on the basis that the dam was open and obvious. The Court noted:

> ***…It is well settled that there is no duty to warn of an open and obvious danger that an ordinary prudent person would take reasonable steps to avoid. The defendant argues that the dam must be open and obvious because the plaintiffs admitted to seeing the dam. However, it is the danger presented by the dam that must be obvious, not the dam itself. The plaintiffs admit they saw the dam as they***

> ***approached it, but because they believed it to be a bridge, they were unaware of the danger of going over the dam.***
> *Id. at 435-436.*

In the case at bar, the issue is whether the risk/danger posed by a turning block was open and obvious. The answer to this question is plain from the plaintiff's own statements and the opinion of the plaintiff's liability expert. The plaintiff testified:

> ***"Anyone looking at that, in looking at it and watching the lines, would see that if you put your hand in there, it could cause significant damage."***
> Plaintiff's deposition at 134-135.

The plaintiff's liability expert expressly opined that the:

> ***"1) the turning block in which Mrs. Sutherland caught her hand, presented a clear and foreseeable danger…"***

Thus, to use the plaintiff's language, by Plaintiff's own admissions "everyone knows" that the risk of injury by a turning block is open and obvious such that there is no duty to warn.

**OBJECTIVE TEST**

The plaintiff's argument is that the turning block was not open and obvious to her because she, as a passenger, did not pay attention to what was happening on the vessel's deck during the entire cruise/races of over two and one-half (2½) hours. She proposes a subjective test arguing that *she did not see* the turning blocks and therefore the

defense of "open and obvious" is inapplicable ***to her***.

Contrary to the plaintiff's argument, the open and obvious defense is objective. See for example *McMellon, supra 435 ("duty to warn of an open and obvious danger that an ordinary prudent person would take reasonable steps to avoid"); Luby, supra at 42 ("the presence of the ledge behind the shower curtain was, or should have been, obvious to Mrs. Luby by the ordinary use of her senses."); Zahares-Cody, supra at 996 ("defendant is entitled to expect, as a matter of law, that the Plaintiff would perceive that which would be obvious to her upon the ordinary use of her senses.").* If the danger is one which is obvious such as equipment placed in plain sight, the duty to warn the passenger is not imposed against the vessel*. Savage v. New York, N. & H.S.S. Co.,* 185 F. 778 (2nd. Cir. 1911)

The plaintiff does not have to actually observe the dangerous condition for it to be an "open and obvious" condition. The determining factor is whether the condition is *or could have been seen*, if the plaintiff had looked. *Schmitt v. Duke Realty, LP*, 10th Dist. No. 04AP-251, 2005 Ohio 4245. In motions for summary judgment, the fact that the plaintiff did not actually observe the condition before his/her injury does not create a genuine issue of fact as to whether the condition was an open and obvious hazard. *Caravella v. WEST-WHI Columbus Northwest Partners*, 2005 WL

3484604 (Ohio App. 10 Dist.)

By her own testimony and her expert's opinion, there can be no dispute:

> ***"Anyone looking at that, in looking at it and watching the lines, would see that if you put your hand in there, it could cause significant damage."***
> Plaintiff's deposition at 134-135.

The plaintiff's liability expert expressly opined that the:

> ***"1) the turning block in which Mrs. Sutherland caught her hand, presented a clear and foreseeable danger…"***

Therefore and as a matter of law, the defendants are entitled to expect that the plaintiff would perceive that which would be obvious to her upon the ordinary use of her senses.

**SUFFICIENCY OF WARNING**

In the Defendants' Memorandum of Law in Support of their Motion for Summary Judgment, the defendants also note that Captain Barrows testified that a sufficient warning was given. The defendants recognize that there is a separate issue of fact as to what warning was given. The defendants' argument is that they are entitled to Summary Judgment as a matter of law because there is no duty to warn of an open and obvious risk. The defendants have not argued that they are entitled to Summary Judgment because an appropriate warning was given, although that argument

will be presented to the fact finder at trial.

**WHEREFORE**, the defendants pray this Honorable Court to grant their Motion for Summary Judgment for all the reasons submitted and argued by the defendants.

Respectfully submitted,

By its attorneys,

**CLINTON & MUZYKA, P.C.**

**“/S/Thomas J. Muzyka”**
**Thomas J. Muzyka**
**MA BBO NO: 365540**
**Robert E. Collins**
**RIBAR NO: 2951**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

Dated: October 2, 2007