**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

LYNN M. SUTHERLAND

vs. C. A. NO.: 05-450 S

HYC, INC. and JEFFREY BARROWS

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF OBJECTION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff submits this supplemental memorandum to respond to arguments made by defendants in the reply memorandum submitted in support of their motion for summary judgment.

First, defendants' contention that the facts establish that "an operating turning block is visible to [plaintiff] at all times" (Reply Memorandum at 2) is wrong. While defendants correctly note that there are two identical turning blocks on the deck of Heritage, one on the port side of the cockpit and one on the starboard side, they fail to acknowledge that the presence of passengers in the cockpit during the sail would prevent plaintiff from seeing the block that was on the side of the vessel she was facing, which would have been the side opposite from where she was sitting. Robert Stearns, the charter passenger who was at the helm of the vessel when plaintiff was injured, has testified that "It was crowded in the cockpit. There were a lot of people in the cockpit. I hadn't particularly noticed her. She was just one of many people sitting in the cockpit." Deposition of Robert Stearns at 24 (copy attached). Obviously, a crowded cockpit, with "many people" sitting in it, would present physical obstructions to the visibility of the opposite turning block that defendants claim plaintiff had.

Moreover, Duncan MacInnes, who was seated in the cockpit on the side opposite Mrs. Sutherland at the time of the incident, has testified that plaintiff was seated in the cockpit opposite and diagonally forward of him, and that another charter passenger, a Mrs. Boulukos, was sitting forward of him, to his left. Deposition of Duncan MacInnes at 34-35 (copy, with photograph exhibit, attached). This would have put Mrs. Boulukos directly across from plaintiff, and would have blocked plaintiff's view of the turning block across from her, because it would have been behind Mrs. Boulukos. Mr. MacInnes's location of the various positions of the passengers on the photograph that was marked at his deposition shows that Mrs. Boulukos would have blocked the line of sight that defendants allege Mrs. Sutherland had of the turning block which was on the side of the vessel opposite her. For these reasons, it is factually incorrect to say that the turning blocks were visible to plaintiff at all times during the charter cruise.

Even if the blocks were visible, they are clearly not the kind of danger that courts have found to be open and obvious. The dangers that courts have found to be open and obvious are objects or conditions that anyone could commonly encounter and would readily and easily understand to be dangerous. Here, a turning block is not a commonly encountered and understood device. Rather, unless an individual has experience sailing, that person would not know what a turning block is, how it functions, what dangers it poses, and when it is dangerous. Consequently, even if plaintiff had seen the turning block, unless she had seen it during operation and watched the lines going in and out of it, there would be no way for her to appreciate what it was, what it did, whether it was dangerous, and the nature of the danger it posed. Thus, this turning block is not the kind

of commonly encountered and easily understood danger that courts have determined to be open and obvious.

The cases cited by defendants in their reply memorandum provide no support for their argument that the turning block that injured plaintiff was an open and obvious danger. The Caravella and Schmitt cases, both decided by the Court of Appeals of Ohio and both involving injuries by plaintiffs who slipped and fell on standing water on interior building corridors, reached different results on whether the risk posed by such standing water was an open and obvious danger. In any event, that a person might perceive standing water on a floor and understand that stepping into it posed a risk of falling does nothing to advance defendants' argument here that the risk of harm from a piece of sailing equipment on a racing yacht was similarly open and obvious to plaintiff. The two kinds of risks are simply not comparable.

Defendants also rely in their reply memo on Savage v. New York, N. & H.S.S. Co., 185 F. 778 (2nd Cir. 1911), which is yet another case involving a personal injury suffered in a fall. In Savage, plaintiff tripped over a "chain box," "an obstruction more than half a foot high and about a foot wide" which extended across the promenade deck on a cruise ship, within a few feet of the door into plaintiff's state room. 185 F. at 779. The Court of Appeals adopted the trial judge's opinion, which concluded that "this chain box was plainly visible to any person of reasonably good vision and in the possession of his faculties." Certainly, when someone trips and falls over an object that is not negligently located and is clearly visible, the risk of falling if one walks in the direction of such an object and encounters it is plain and obvious. In the instant case, however, plaintiff did not trip over the turning block. Rather, she had her hand resting on it when

it was not in operation and inert, at a time when, even if she saw it, she would not have been able to perceive how it operated. That is a far cry from a situation involving an individual who walks into an obvious obstruction on a deck and trips over it.

Finally, defendants' reply memo repeats their misleading reference to the report of plaintiff's charter sail expert, Patrick A. Derry (Defendants' Motion for Summary Judgment, Exhibit 4), which states that the turning block "presented a clear and foreseeable danger." Defendants take this statement out of context because the context demonstrates that plaintiff's expert was stating that the danger was clear and foreseeable to defendants, not to passengers. In context, plaintiff's expert's conclusion is:

> "Having reviewed the photographs and depositions that you sent me regarding the case of Lynn Sutherland vs. HYC, Inc. and Jeffrey Barrows, it is my professional opinion that 1) the turning block in which Mrs. Sutherland caught her hand, presented a clear and foreseeable danger and that 2) the captain was under obligation to insure that his passengers and crew were aware of this danger. …"

The context demonstrates that Captain Derry is opining that defendants, not the passengers, should have understood the foreseeable danger that the block posed, and therefore were under an obligation to inform the passengers of the danger. As further explained by Captain Derry on the second page of his report,

> "As obvious as the risk posed by the running rigging and gear is to an experienced sailor, a novice could easily fail to recognize the danger. Some of the rigging, such as standing rigging, is quite safe to hold on to, and even running rigging remains motionless much of the time." (emphasis added)

Captain Derry's analysis of the risk posed by the turning block demonstrates clearly that a charter passenger on a racing yacht could not be expected to appreciate and understand the risk posed by the turning block.

Defendants have failed to show that the turning block posed the kind of danger that courts have found to be open and obvious. Their motion for summary judgment should therefore be denied.

Respectfully submitted,

LYNN M. SUTHERLAND

By her Attorneys,

Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903
Telephone: (401) 272-1110
Facsimile: (401) 351-6641

/S/John S. Foley
John S. Foley Bar #2060

**CERTIFICATION**

I hereby certify that I served the within document by electronic filing to the following counsel of record: Robert E. Collins, Esq., rcollins@clinmuzyka.com and Michael R. Hagopian, Esq., michael@mhagopianlaw.com; and by regular mail, postage prepaid, to **Thomas J. Muzyka, Esq.**, Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, MA 02108, on the 17th day of October, 2007.

/S/John S. Foley
John S. Foley Bar #2060

Sutherland P056