# UNITED STATES DISTRICT COURT

# DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **LYNN M. SUTHERLAND**<br>**Plaintiff** | ) | |
| **vs** | ) | **CA 05-CV-450S** |
| **HYC, INC.**<br>**Defendant** | ) | |

## ORDER
## REFERRING CASE TO ALTERNATIVE DISPUTE RESOLUTION

The parties in this matter have consented to a second round of mediation before the assigned mediator in this case, Berry B. Mitchell. In consultation with the assigned mediator, the mediation has been scheduled for **February 22, 2008 at 10:00 A.M.** in the Federal District Court Annex (Pastore Building), located at 2 Exchange Terrace, Providence, RI in Room 110.

**IT IS HEREBY ORDERED THAT:**

1. **Berry B. Mitchell**, shall remain the appointed mediator in this case.

2. The mediator shall serve without compensation.

3. Mediation proceedings in this matter shall be deemed confidential. Rule 408 of the Federal Rules of Evidence shall apply to information, statements and evidence generated in the course of the mediation and shall make inadmissible evidence of conduct or statements made unless otherwise discoverable. Moreover, all memoranda and other work products, including but not limited to, files, reports, interviews, case summaries and notes, prepared by the appointed neutral assigned to the case, shall not be subject to disclosure in any subsequent civil proceeding involving any of the parties participating in the ADR option, nor shall the mediator be compelled to disclose in any subsequent civil proceeding any communication made to him or her in the course of, or relating to the subject matter of any case referred to ADR and in which a party or other persons took part in ADR proceedings before the assigned neutral. The mediator shall not communicate any confidential information, nor discuss ADR proceedings with any judicial officer, employees of the court, or other third party, other than to report the status of ADR proceedings.

4. All parties and lead counsel of record having full authority to bind and settle this case, shall attend the mediation. In addition, insurance adjusters for both the primary and any excess coverage carriers shall also attend the scheduled mediation with full authority as agents of their respective carriers.

5. No extension of the date and time of the mediation shall be allowed unless request for such extension is presented to the mediator in writing and is approved by the same no less than 5 days in advance of the scheduled mediation.

6. Parties and their counsel shall participate in the mediation in good faith.

**SO ORDERED** this the 8 Day of February, 2007.

WES

**WILLIAM E. SMITH**
United States District Court Judge