**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

LYNN M. SUTHERLAND

vs. C. A. NO.: 05-450 S

HYC, INC. and JEFFREY BARROWS

**PLAINTIFF'S SUPPLEMENT TO PRETRIAL MEMORANDUM**

Plaintiff submits this supplement to her pretrial memorandum to address an issue raised by this Court at the hearing on defendant's Motion for Summary Judgment, in which they contended that the turning block that injured plaintiff was an open and obvious danger as to which they had no duty to warn. After denying the motion, this Court requested that the parties brief whether this issue is a question of law for the court to decide, or a question of fact to be submitted to the jury for resolution. As will be demonstrated below, the issue of whether the turning block is the kind of open and obvious danger which courts have found relieves a defendant of a duty to warn is clearly a question of law for this Court to decide, not a question of fact for the jury. Therefore, the jury in this case has no role to play in the resolution of this issue, either directly or in an advisory capacity under Fed R. Civ. P. 39(c).

It is hornbook law that questions involving whether a duty exists are issues of law for the court, not the jury, to decide:

> Whether a duty exists is entirely a question of law, to be determined by reference to the body of statutes, rules, principles and precedents which make up the law; and it must be determined only by the court. It is no part of the province of a jury to decide whether a manufacturer of goods is under any obligation for the safety of the ultimate consumer, or that the Long Island Railroad is required to protect Mrs. Palsgraf from fireworks explosions.

W. Keeton, D. Dobbs, R. Keeton, and D. Owen, Prosser and Keeton on The Law of Torts, p. 236 (5th ed. 1984). The Restatement seconds this settled view:

> § 328 B. Functions of Court
>
> "In an action for negligence, the court determines . . .
>
> (b) whether such facts give rise to any legal duty on the part of the defendant; . . ."

Restatement (Second) Torts, §328 B (1965). Comment c. to this Restatement section emphatically stresses the universal application of the rule: "The determinations stated in this Section are always for the court to make. They are never for consideration or determination by the jury."

The First Circuit follows these basic principles, see Carrier v. Riddell, Inc., 721 F.2d 867 (1st Cir. 1983); Gorfinkle v. U.S. Airways, Inc., 431 F.3d 19 (1st Cir. 2005); McCloskey v. Mueller, 446 F.3d 262 (1st Cir. 2006), as does maritime law. In re Garvey Marine, Inc., 424 F.Supp.2d 1109, 1114 (N.D. Ill. 2006) ("In maritime cases, as in land-based negligence cases, the determination of a legal duty is a question of law."), citing Theriot v. United States, 245 F.3d 388 (5th Cir. 1998).

The Gorfinkle case, first cited by plaintiff in his opposition to defendant's motion for summary judgment, is instructive. In that case, the plaintiff was injured when he fell from a pile of stacked luggage in an airport baggage claim area which he had climbed onto in an attempt to locate and retrieve his suitcase. The defendant responded to plaintiff's claim of negligent failure to warn him of, and protect him from, the danger posed by the stacked luggage with a motion for summary judgment that argued that there was no duty of care owed to plaintiff because the risk of harm from climbing onto stacked luggage was open and obvious. The District Court agreed and the First Circuit affirmed,

concluding that "[t]he undisputed material facts show the existence of an open and obvious danger that negated U.S. Airway's duty of care to Gorfinkle." 431 F.3d at 23. The First Circuit acknowledged that whether or not a duty exists is a question of law for the court, reviewed the Massachusetts cases in which a danger was found to be so obvious that it obviated any duty to warn on the part of the defendant, and concluded, as a matter of law, "that walking on top of stacked luggage was an open and obvious danger." 431 F.3d at 24.

That only this Court, and not a jury, is equipped to decide the question of whether defendants owed plaintiff a duty to warn her about the turning block is evident from Prosser and Keeton's observation quoted above that the question of duty is "to be determined by reference to the body of statutes, rules, principles and precedents which make up the law." It is clear that only the Court is equipped to analyze the nature and character of the risk that injured plaintiff, review the case law establishing precedent as to the kinds of risks or dangers that have been determined by other courts to be open and obvious, and compare and contrast the risks in those cases with the risk at issue in this case, just as was done by the First Circuit in the Gorfinkle case. When this issue was addressed by the parties in the context of summary judgment, a number of cases were cited and discussed as relevant to whether the turning block is analogous to the kinds of risks that courts have found to be open and obvious. Since juries cannot and do not analyze case law, the impropriety of submitting this question of law to the jury is underscored by the fact that the jury would have to decide the issue in a total vacuum, without reference to or guidance from the precedent that both parties have cited and that

is necessary for a reasoned resolution of the issue. Therefore, allowing a jury to decide this issue would result in an arbitrary and unprincipled decision.

The Rhode Island Supreme Court's decision in Kuzniar v. Keach, 709 A.2d 1050 (R.I. 1998) presents a reasoned and detailed discussion of the limited circumstances in which a jury may play a fact-finding role in determinations of whether the defendant owed a duty of care to the plaintiff. That case was a tort claim against officials of the City of Warwick in which plaintiff alleged that city officials had negligently issued a remodeling permit. The court vacated the judgment that had been entered on a jury verdict for the city, finding that the trial judge had erroneously "left it entirely up to a jury to determine whether the defendant municipality and certain of its officials owed a legal duty to plaintiff." Citing Prosser and the Restatement, the court acknowledged that "[t]he existence of a legal duty is purely a question of law, and the court alone is required to make this determination." 709 A.2d at 1055.

The court in Kuzniar went on to discuss the limited circumstances in which the jury may play a role in making predicate factual findings that are necessary for the determination by the court of whether a duty is owed.

> Thus, the trial justice should determine whether the law imposes a legal duty upon the defendant in the particular factual circumstances presented in any given case. In so doing, however, the trial justice may require assistance from the trier of fact if the duty-triggering facts are disputed and the evidence shows that a reasonable jury could reach different conclusions on this issue.

709 A.2d at 1055 (emphasis added). As examples of situations where "duty-triggering facts" may be in issue, the court pointed to the rescue doctrine, where the duty depends on whether the defendant created the plaintiff's peril or whether a special relationship existed, and a landowner's duty of care, which depends on whether the injured party was

a non-trespassing visitor, a discovered trespasser, or a trespasser of whom the landowner was unaware. In the Kuzniar case itself, plaintiff had to prove certain predicate facts to establish a prior relationship between her and city officials sufficient to trigger the "special-duty rule" under the Rhode Island government tort claims act. If there is a genuine dispute about the facts that give rise to a duty of care, those facts can be submitted to a jury to resolve the factual issue, but the determination of what level of duty is owed under different factual assumptions remains a function of the court.

> When in any given case the particular historical facts that define the legal duty are uncertain or contested and the evidence presented could support a finding either way by the jury, it is the court's function to determine and instruct the jury concerning what legal duty is owed to the plaintiff under the various alternative factual scenarios supported by the evidence. However, it is still the function of the jury to determine the existence of those predicate facts that trigger the presence of the legal duty.

Id., 709 A.2d at 1055-1056.

In this case, there are no "duty-triggering facts" that are in dispute that would have to be determined by a jury in order for this Court to define the legal duty owed by defendants to plaintiff. There is no dispute that plaintiff was a passenger on board the vessel at the time she was injured, so settled maritime law imposes a duty on defendants to exercise reasonable care toward plaintiff in their conduct of the charter. See Muratore v. M/S Scotia Prince, 845 F.2d 347, 353 (1st Cir. 1988). There is also no dispute about the nature and location of the turning block, and that plaintiff was injured when her hand got caught in the block. Finally, the testimony is undisputed that plaintiff was not familiar with sailboats or sailing, that she was not taking part in any of the sailing activities during the charter, and that she had not done so in the past. With no facts relevant to this issue in dispute, the jury has no role to play in the decision of whether the

risk of harm posed by the turning block was the kind of open and obvious danger that courts have found relieved a defendant of any duty to warn. When these undisputed facts about plaintiff and the turning block are made part of the record at trial, they will compel a determination that the turning block was not the kind of open and obvious risk that courts have found negates a defendant's duty to warn, and this Court should then proceed to instruct the jury that defendants owed a duty of care to plaintiff, as set forth in plaintiff's requested jury instruction number 3.

There is also no basis for the jury to act in an advisory capacity with respect to this question of law. Advisory juries are governed by Fed. R. Civ. P. 39(c), and that Rule provides for advisory juries only "[i]n an action not triable of right by a jury . . ." Here, plaintiff's maritime negligence action is triable of right by a jury, since it has been brought under this Court's diversity jurisdiction. See Complaint, Paragraph 4 (invoking jurisdiction under 28 U.S.C. §1332(a)(1), the general diversity jurisdiction statute). See also Concordia Co., Inc. v. Panek, 115 F.3d 67, 70 (1st Cir. 1997). Therefore, there is no basis here for invoking the provisions of Rule 39(c). Moreover, even in those cases where Rule 39(c) is properly invoked, an advisory jury's only function is to provide guidance and enlightenment to the court's resolution of factual questions. 8 Moore's Federal Practice §39.42[2] (3d ed. 2007). Therefore, there is no role for a jury under Rule 39(c) in connection with the court's resolution of a question of law. In this case, it will be the jury's role to resolve the factual issues in the case, such as whether the defendants satisfied their obligation to act reasonably under the circumstances and whether any negligence by them was a proximate cause of harm to the plaintiff; it will remain the court's role to resolve the legal question of whether the turning block was an open and

obvious danger that obviated any duty by the defendants to warn plaintiff about it. And since the turning block was not the kind of danger that courts have found to be open and obvious, this Court should answer that question in the negative.

LYNN M. SUTHERLAND

By her Attorneys,

Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903
Telephone: (401) 272-1110
Facsimile: (401) 351-6641

/S/John S. Foley
John S. Foley Bar #2060

**CERTIFICATION**

I hereby certify that I served the within document by electronic filing to the following counsel of record: Robert E. Collins, Esq., rcollins@clinmuzyka.com and Michael R. Hagopian, Esq., michael@mhagopianlaw.com; and by regular mail, postage prepaid, to **Thomas J. Muzyka, Esq.**, Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, MA 02108, on the 26th day of February, 2008.

/S/John S. Foley
John S. Foley Bar #2060

Sutherland P065