**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

LYNN M. SUTHERLAND

vs. C. A. NO.: 05-450 S

HYC, INC. and JEFFREY BARROWS

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE**

Defendants have identified an expert witness, David C. Dubois, a marine surveyor, and have informed plaintiffs that they intend to present testimony through Mr. Dubois that:

1. defendant's twelve-meter yacht Heritage had a valid United States Coast Guard Certificate of Inspection and therefore was in compliance with all United States Coast Guard passenger safety regulations;

2. the turning blocks on Heritage were in compliance with 46 CFR §177.960 in that they were not "an exposed hazard" that was not "properly protected by a cover, guard, or rail";

3. defendants gave an announcement at the beginning of the charter that fulfilled the requirements of 46 CFR §185.506 regarding emergency exits, life buoys, and life jackets;

4. defendants' decision to sail with only the jib sail was prudent and their procedure to announce an upcoming turning maneuver was safe;

5. the risk of injury from the turning block that injured plaintiff was open and obvious.

An order *in limine* precluding this testimony is necessary because, as to topics one through four, the evidence is irrelevant to the issues in the case and would mislead and confuse the jury if it was admitted. As to topic five, whether the turning block was an open and obvious danger so as to obviate defendant's duty to warn their passengers about it is a question of law for the Court to decide and therefore not an issue on which testimony can be introduced.

Evidence of compliance with Coast Guard regulations is irrelevant because plaintiff does not claim that her injury was caused by any failure of defendants to comply with Coast Guard regulations. The cited regulations simply have nothing to do with plaintiff's allegation that defendants failed to satisfy their duty of reasonable care under the general admiralty law by failing to warn about the turning blocks that were located near the cockpit of the vessel. The fact that Heritage had a valid Certificate of Inspection at the time plaintiff was injured is completely irrelevant to whether or not defendants met this obligation to exercise due care under the circumstances. Likewise, since plaintiff does not contend that the turning block was defective or improperly exposed, the fact that the turning block did not violate a Coast Guard regulation regarding protecting exposed hazards with covers or guards is irrelevant. Since plaintiff does not claim that defendants were negligent with respect to providing information about emergency exits and life jackets, and these things had nothing to do with her injury, that the defendants satisfied a Coast Guard regulation requiring them to inform passengers about the location of emergency exits and life jackets is also irrelevant. Similarly, since plaintiff does not claim

that it was negligent to sail only with a jib or that defendant's turning procedures were improper, defendants' proffered evidence that it was prudent to sail with only a jib and that the turning procedures were proper do not relate to plaintiff's allegation of negligence. None of these topics is connected in any way to plaintiff's allegation of general negligence under admiralty law, which focuses directly on defendants' failure to warn her about the danger of serious injury posed by the turning blocks. Therefore, because evidence on these topics will in no way "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," it is not relevant evidence under Fed. R. Ev. 401 and must be excluded under Fed. R. Ev. 402. The proffered evidence simply does not address "any fact that is of consequence to the determination of the action."

Even if this evidence had some remote or marginal relevance, it will without question confuse and mislead the jury. If the jurors hear that the vessel had a Certificate of Inspection, they are likely to attach some undue relevance or importance to this fact when it has none, and could erroneously conclude that the mere fact of inspection somehow insulates the defendants from liability. The same is true regarding evidence of briefing the passengers regarding emergency exits and life jackets, evidence that the turning block was not improperly unguarded, or testimony about the choice of sails and turning procedures. The jury is likely to conclude that it is being told of these facts because they may constitute a defense, when in fact they do not. If this evidence is allowed, there is a substantial risk that the jury will misconstrue this evidence as meaning that the defendants must have been acting reasonably, but reasonable action in these irrelevant respects has no bearing on whether defendants acted unreasonably in not

warning the passengers about the turning blocks. Allowing this evidence in this case would be akin to allowing a defendant in a malpractice case against a doctor who operated on the wrong part of patient's body to present evidence that the hospital was properly certified at the time, that the operating room equipment was in good working order, or that the patient's anesthesia was administered properly.

Finally, as to defendant's proffered evidence that the turning block was an open and obvious danger, plaintiff has explained in her Supplemental Pretrial Memorandum that this issue is a question of law for the court to decide, not a question of fact for the jury. Therefore, it would be entirely improper to present evidence of Mr. DuBois's opinion on this issue of law.

For these reasons, this Court should enter an order *in limine* precluding defendants from introducing any evidence on these topics.

LYNN M. SUTHERLAND

By her attorneys,

Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903
Telephone: (401) 272-1110
Facsimile: (401) 351-6641

/S/ John S. Foley
John S. Foley, Esq. Bar #2060

## CERTIFICATION

I hereby certify that I served the within document by electronic filing to the following counsel of record: **Robert E. Collins, Esq.,** rcollins@clinmuzyka.com and michael@mhagopianlaw.com, and by regular mail, postage prepaid, to **Thomas J. Muzyka, Esq.,** Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, 02108 on the 26th day of February, 2008.

/S/John S. Foley
John S. Foley Bar #2060

Sutherland P070