**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO. 05-450-S**

**LYNN M. SUTHERLAND**
**Plaintiff,**

**vs.**

**HYC, INC. AND JEFFREY BARROWS**
**Defendants.**

**DEFENDANTS' REQUEST FOR AND PROPOSED**
**INSTRUCTIONS TO THE JURY**

Now come the defendants, HYC, INC. and JEFFREY BARROWS, in the above-entitled action, by and their counsel, Clinton & Muzyka, P.C., and respectfully request this Honorable Court to charge the jury with the following attached instructions.

## GENERAL INSTRUCTIONS

**DEFENDANTS' PROPOSED INSTRUCTION NO.1**
**DUTY OF JURY**

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

9th Cir. Model Jury Instruction 1.1

**DEFENDANTS' PROPOSED INSTRUCTION NO.2**
**WHAT IS EVIDENCE?**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;
(2) the exhibits which are received into evidence; and
(3) any facts to which the parties stipulate.

*In addition to the testimony from the witnesses who will appear in court, you have heard sworn testimony in the form of videotape depositions. This testimony is also evidence which you are to decide the facts. You should draw no inference from whether these individuals were or were not physically present in court.*

9th Circuit Model Jury Instruction No. 1.3 (as modified in italics).

**DEFENDANTS' PROPOSED INSTRUCTION NO.3**
**WHAT IS NOT EVIDENCE?**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;
(2) questions and objections of the attorneys;
(3) testimony that I instruct you to disregard; and
(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

9th Circuit Model Jury Instruction No. 1.4

**DEFENDANTS' PROPOSED INSTRUCTION NO.4**
**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

9th Circuit Model Jury Instruction No. 1.5

**DEFENDANTS' PROPOSED INSTRUCTION NO.5**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.

Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.

Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

9th Circuit Model Jury Instruction No. 1.6

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO.6**
**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been. Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

9th Circuit Model Jury Instruction No. 1.7

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO.7**
**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(l) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

9th Circuit Model Jury Instruction No. 1.8

**DEFENDANTS' PROPOSED INSTRUCTION NO.8**
**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the clerk to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

9th Circuit Model Jury Instruction No. 1.9

**DEFENDANTS' PROPOSED INSTRUCTION NO.9**
**NO TRANSCRIPT AVAILABLE TO JURY**

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

9th Circuit Model Jury Instruction No. 1.10

**DEFENDANTS' PROPOSED INSTRUCTION NO. 10**
**TAKING NOTES**

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the courtroom.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

9th Circuit Model Jury Instruction No. 1.11

**DEFENDANTS' PROPOSED INSTRUCTION NO. 11**
**OUTLINE OF TRIAL**

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.
The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine. After the evidence has been presented, I the attorneys will make closing arguments and I will instruct you on the law that applies to the case. After that, you will go to the jury room to deliberate on your verdict.

9th Circuit Model Jury Instruction No. 1.12

**DEFENDANTS' PROPOSED INSTRUCTION NO. 12**
**BURDEN OF PROOF-PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

9th Circuit Model Jury Instruction No. 1.13

**DEFENDANTS' PROPOSED INSTRUCTION NO. 13**
**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

9th Circuit Model Jury Instruction No. 3.9

**SPECIFIC INSTRUCTIONS**

**DEFENDANTS' PROPOSED INSTRUCTION NO. 14**
**SHIPOWNER NOT AN INSURER OF PASSENGER SAFETY**

Shipowner and/or Operators are not insurers of a passenger's safety. A plaintiff bears the burden of proving negligence by the shipowner and/or operator. To hold a defendant in this case liable, you must find that plaintiff has met her burden of proving by preponderance of the evidence that that defendant was negligent.

*Kornberg v. Carnival Cruise Lines, Inc.*
741 F.2d 1332, 1334 (l1th Cir. 1984);

*Everett v. Carnival Cruise Lines*
912 F.2d 1355, 1358-59, n.3 (11th Cir. 1990);

*Preston v. Celestial, Inc.*
1970 A.M.C. 1904, 1910 (E.D. La. 1970).

**DEFENDANTS' PROPOSED INSTRUCTION NO. 15**
**PASSENGER'S DUTY TO USE SENSES**

A passenger has a duty to make use of her sense of sight, and exercise ordinary prudence and common sense for her own safety. If a condition could be perceived, it becomes the passenger's duty to avoid that condition. If you find that plaintiff failed to make use of her sense of sight or exercise prudence and common sense for her own safety when placing her hands on or near the turning block, then plaintiff was negligent.

*The Great Northern,*
251 F. 826 (9th Cir. 1918);

Ninth Circuit Model Civil Jury Instructions No. 9.10;

*Kopczynski v. The Jacqueline,*
742 F.2d 555, 557-58 (9th Cir. 1984),
*cert. denied,* 471 U.S. 1136 (1985);

*Glynn v. Roy Al Boat Management Corp.,*
57 F.3d 1495, 1995 A.M.C. 2022 (9th Cir. 1995).

*Dumont v. American Export Lines,*
1955 A.M.C. 138, 138-39 (New York County 1954)

**DEFENDANTS' PROPOSED INSTRUCTION NO. 16**
**PASSENGER'S DUTY TO PERCEIVE CONDITIONS**

Shipowners and/or Operators are entitled to expect that a passenger will perceive conditions that would be obvious if the passenger made ordinary use of his or her senses. Defendants have not breached their duty to the plaintiff and therefore are not liable if the conditions at issue were conditions which plaintiff could have perceived and avoided through the ordinary use of her senses.

*Luby v. Carnival Cruise Line. Inc.,*
633 F. Supp. 40, 42 (S.D. Fla. 1986),
*aff'd mem,* 808 F.2d 60 (11th Cir. 1986).

**DEFENDANTS' PROPOSED INSTRUCTION NO. 17**
**OPEN AND OBVIOUS RISK**

If you find that the turning block on the S/Y HERITAGE was an open and obvious risk, then you shall find for the defendants.

*McMellon v. United States*
395 F.Supp.2d 422, 435-36 (S.D.W.V. 2005)

**DEFENDANTS' PROPOSED INSTRUCTION NO. 18**
**DUTY OF CARE**

A shipowner and/or Operator owes its passengers a duty of reasonable care under the circumstances. Many circumstances which may be encountered aboard a ship are not unique to maritime travel and do not give rise to a greater standard of care. One of these circumstances is to look out for one's own safety. Therefore, the standard of care owed to plaintiff by the defendants in this case is one of ordinary reasonable care.

The defendants do not owe plaintiff any heightened duty of care.

*Kermarec v. Companie Generale Transatlantique,*
358 U.S. 625, 631-32 (1959);

*Monteleone v. Bahama Cruise Line, Inc.,*
838 F.2d 63, 65 (2nd Cir. 1988).

**DEFENDANTS' PROPOSED INSTRUCTION NO. 19**
**PLAINTIFF'S NEGLIGENCE CLAIM**

To prevail on her negligence claim, as to each defendant, plaintiff must prove:

1. The defendant was an owner and/or Operators of the vessel;
2. The presence of a condition with respect to the starboard turning block of the vessel that was unreasonably dangerous;
3. The defendant had prior actual or constructive notice that the condition was unreasonably dangerous;
4. The defendant failed to exercise reasonable care with respect to the condition; and
5. The condition proximately caused plaintiff’s injuries.

Plaintiff must prove each of these elements by a preponderance of the evidence against each defendant from whom she seeks to recover damages. If plaintiff does not meet her burden with respect to any element of her claim against a given defendant, that defendant is not liable and you must return a verdict for that defendant.

*Everett v. Carnival Cruise Lines,*
912 F.2d 1355 (11th Cir. 1990);

*Meyer v. Carnival Cruise Lines,*
1995 AMC 1652 (N.D.Cal. 1994);

*Keefe v. Bahama Cruise Lines,*
867 F.2d 1318 (11th Cir. 1989);

*Monteleone v. Bahama Cruise Line, Inc.,*
838 F.2d 63 (2nd Cir. 1988)

**DEFENDANTS' PROPOSED INSTRUCTION NO. 20**
**CONSTRUCTIVE NOTICE**

To prove constructive notice, the plaintiff must prove the defective or risk-creating condition existed for a sufficient interval of time to invite corrective measures.

*Monteleone v. Bahama Cruise Line, Inc.*,
838 F.2d 63, 65-66 (2nd Cir. 1988).

**DEFENDANTS' PROPOSED INSTRUCTION NO. 21**
**CONSTRUCTIVE NOTICE REQUIRES PROOF OF THE DANGEROUS OR NOTORIOUS NATURE OF THE CONDITIONS AT ISSUE**

To prove constructive notice, the plaintiff must also prove that the condition at issue was such that by reason of the notorious or dangerous nature of the condition, the defendant should be charged with notice of the condition.

*Davis v. SPIRIT OF NEW JERSEY,*
2001 A.M.C. 164 (D.N.J. 2000).

**DEFENDANTS' PROPOSED INSTRUCTION NO. 22**
**DUTY TO WARN OF UNANTICIPATED DANGER**

The duty to warn a passenger of danger does not extend to a situation which is remote from danger or where danger could not be reasonably anticipated.

*Luby v. Carnival Cruise Line. Inc.,*
633 F. Supp. 40, 42 (S.D. Fla. 1986),
*aff'd mem,* 808 F.2d 60 (11th Cir. 1986).

**DEFENDANTS' PROPOSED INSTRUCTION NO. 23**
**SHIPOWNER NOT NEGLIGENT FOR CREATION OR MAINTENANCE OF DEFECT**

The fact that a defendant created or maintained the condition at issue is not proof that the defendant had prior actual or constructive notice that the condition was unreasonably dangerous.

*Everett v. Carnival Cruise Lines,*
912 F.2d 1355 (11th Cir. 1990);

*Davis v. SPIRIT OF NEW JERSEY,*
2001 A.M.C. 164 (D.NJ. 2000);

*Meyer v. Carnival Cruise Lines,*
1995 A.M.C. 1652, 1659 (N.D.Cal. 1994).

**DEFENDANTS' PROPOSED INSTRUCTION NO. 24**
**PRIOR ACCIDENTS**

Prior accidents alone do not establish that a defendant had prior actual or constructive notice of an unreasonable danger associated with the starboard turning block.

*Johnson v. Ford Motor Company,*
988 F.2d 573, 580 (5th Cir. 1993);

*Wheeler v. John Deere Co.,*
862 F.2d 1404, 1407 (10th Cir. 1988);

*Quarles v. Columbia Sussex Corporation,*
997 F.Supp. 327, 333-334 (E.D.N.Y. 1998)

**DEFENDANTS' PROPOSED INSTRUCTION NO. 25**
**CAUSATION**

An injury or damage is proximately caused by an act or a failure to act whenever it is a direct result or a reasonably probable consequence of the act or omission.

Federal Pattern Instructions § 120.60;
see 9th Circuit Model Jury Instruction No. 3.8

**DEFENDANTS' PROPOSED INSTRUCTION NO. 26**
**FACT OF ACCIDENT DOES NOT PROVE NEGLIGENCE**

The mere fact that an accident occurred does not mean that any defendant was negligent. Plaintiff's accident does not establish that any of the defendants were negligent.

The plaintiff must prove each and every element of her claim by a preponderance of the evidence against a given defendant in order to hold that defendant liable.

*Mosley v. Cia. Mar. Adra. S. A.,*
314 F.2d 223, 229 (2nd Cir. 1963).

*Taylor v. Costa Lines, Inc.*
441 F. Supp. 783, 1978 A.M.C. 1254 (E.D.Pa. 1977)

**DEFENDANTS' PROPOSED INSTRUCTION NO. 27**
**CORPORATIONS AND PARTNERSHIPS-FAIR TREATMENT**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

9th Circuit Model Jury Instruction No. 6.1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 28**
**BURDEN OF PROOF-PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

9th Circuit Model Jury Instruction No. 5.1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 29**
**COMPLETE AFFIRMATIVE DEFENSE**

On any claim, if you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff on that claim, unless you also find that the defendant has proved an affirmative defense, in which event your verdict should be for the defendant on that claim.

9th Circuit Model Jury Instruction No. 5.3

**DEFENDANTS' PROPOSED INSTRUCTION NO. 30**
**TWO OR MORE PARTIES-DIFFERENT LEGAL RIGHTS**

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

9th Circuit Model Instruction No. 3.11

**DEFENDANTS' PROPOSED INSTRUCTION NO. 31**
**CERTAIN DEFENDANTS NOT LIABLE**

If you find by a preponderance of the evidence that defendant JEFFREY BARROWS is a disclosed agent of the defendant HYC, INC. and that JEFFREY BARROWS was not an owner or operator of S/Y HERITAGE, you should return a verdict that defendant JEFFREY BARROWS is not liable to plaintiff.

See 80 CJS Shipping, Section 192, p. 1109;

*Port Ship Service, Inc. v. Norton, Lilly & Co., Inc.*, 883 F.2d 23 (5th Cir. 1989);

**DEFENDANTS' PROPOSED INSTRUCTION NO. 32**
**PLAINTIFF MUST PROVE DEFENDANTS WERE OWNERS OR OPERATORS**

Part of plaintiff's burden of proof is establishing by a preponderance of the evidence that each of the named defendants were either owners or operators of the S/Y HERITAGE. If plaintiff cannot prove by a preponderance of the evidence that a defendant is an owner or operator of the S/Y HERITAGE, you must return a verdict in favor of that defendant.

*Chan v. Society Expeditions, Inc.,*
123 F.3d 1287, 1293 (9th Cir. 1997).

**DEFENDANTS' PROPOSED INSTRUCTION NO. 33**
**DAMAGES - PROOF AND MEASURE**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on plaintiff's negligence claim, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

In determining the measure of damages, you should consider:

The nature and extent of the injuries;
The disability, disfigurement, loss of enjoyment of life experienced, and which with reasonable probability will be experienced in the future;
The mental, physical, emotional, pain and suffering experienced and which with reasonable probability will be experienced in the future;
The reasonable value of necessary medical care, treatment, and services received to the present time;
The reasonable value of necessary medical care, treatment, and services which with reasonable probability will be required in the future; and
The reasonable value of necessary household help, services other than medical required to the present time.

The plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.
Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

*Couch v. Cro-Marine Transport Co.*
44 F.3d 319, 1995 AMC 1586 (5th Cir. 1995)

9th Circuit Model Jury Instruction Nos. 7.1 and 7.2

**DEFENDANTS' PROPOSED INSTRUCTION NO. 34**
**DAMAGES – REDUCED BY TAXES**

For loss of earnings in personal injury cases, it is proper to introduce evidence to show the amount of income taxes, or the lack of it, as relevant to the net amount of earnings.

As to any award for loss of future earnings, you should take into consideration that what would have been available to her would have been after tax dollars, not pre-tax dollars.

*Norfolk & W. Ry. Co. v. Liepelt*
444 U.S. 490, 1980 A.M.C. 1811 (1980);

*Furumizo v. United States*
381 F.2d. 965, 971 (9th Cir. 1967);

*Hartz v. United States*
415 F.2d. 259, 264 (5th Cir. 1969);

**DEFENDANTS' PROPOSED INSTRUCTION NO. 35**
**DAMAGES – JURY AWARDS NOT TAXED**

Any award by the jury for both wage and non-wage income is not taxable.

*Norfolk & W. Ry. Co. v. Liepelt*
444 U.S. 490, 1980 A.M.C. 1811 (1980);

*Allred v. Maersk Line, Ltd.,*
35 F.3d 139, 142 (4th Cir. 1994)

**DEFENDANTS' PROPOSED INSTRUCTION NO. 36**
**DAMAGES – REDUCED TO PRESENT VALUE**

Since the plaintiff recovers at the present time, any award for future wages must be discounted to present value.

*Jones & Laughlin Steel Corp. v. Pfeifer*
462 U.S. 523, 1983 A.M.C. 1881 (1983)

**DEFENDANTS' PROPOSED INSTRUCTION NO. 37**
**DAMAGES – MITIGATION**

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages. The defendant has the burden of proving by a preponderance of the evidence:

1. That the plaintiff failed to use reasonable efforts to mitigate damages; and
2. The amount by which damages would have been mitigated.

9th Circuit Model Civil Jury Instructions No. 7.3

**DEFENDANTS' PROPOSED INSTRUCTION NO. 38**
**PLAINTIFF'S ACT SOLE NEGLIGENCE**

When the negligent act that has proximately caused the injury is solely that of the passenger, there can be no recovery.

*Collins v. Indiana & Michigan Elec. Co.*
516 F. Supp. 304, 1983 A.M.C. 1814 (S.D. Ind. 1981)

**DEFENDANTS' PROPOSED INSTRUCTION NO. 39**
**PLAINTIFF'S NEGLIGENCE - REDUCTION OF DAMAGES**

If you decide that the plaintiff has established by a preponderance of the evidence that the plaintiff is entitled to recover, then you must determine whether the plaintiff’s own negligence was also a cause of the plaintiff's injury.

The defendants have the burden of proving by a preponderance of the evidence that the plaintiff was negligent and that the plaintiffs negligence was also a cause of the plaintiff’s injury.

The plaintiff has a duty to use the care which a reasonably careful person would use under similar circumstances. The defendants must prove by a preponderance of the evidence that the plaintiff’s failure to use due care contributed in some way to bringing about the plaintiff’s injury.

If you decide that the plaintiff was negligent and that the plaintiff’s negligence was a cause of the plaintiff's injury, you must then decide how much of the injury was caused by the plaintiff’s negligence. This should be fixed as a percentage - for example, 10%, 50%, 90%. The percentage of the plaintiff’s negligence, if any, is for you to decide. You must then write that percentage on the appropriate place on the verdict form. Do not make any reduction in the amount of damages that you award to the plaintiff. I will reduce the damages that you award by the percentage of negligence that you assign to the plaintiff.

Kermarec v. Compagnie Generale Transatlantique,
358 U.S. 625, 1959 A.M.C. 597 (1959);

*Counts v. Lafayette Crewboats, Inc.*
622 F. Supp. 299, 1985 A.M.C. 2536 (W.D.La. 1983);

*Kopczynski v. The Jacqueline,*
742 F.2d 555, 557-58 (9th Cir. 1984),
*cert. denied,* 471 U.S. 1136 (1985);

*Glynn v. Roy Al Boat Management Corp.,*
57 F.3d 1495, 1995 A.M.C. 2022 (9th Cir. 1995).

**DEFENDANTS' PROPOSED INSTRUCTION NO. 40**
**DAMAGES ARISING IN THE FUTURE DISCOUNTED TO PRESENT CASH VALUE**

Any award for future economic damages must be for the present cash value of those damages. Non-economic damages such as pain and suffering or disability are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. You should also consider decreases in the value of money which may be caused by future inflation.

*Chesapeake & O. Ry. Co. v. Kelly,*
241 U.S. 485, 491 (1916);

9th Circuit Model Jury Instructions No. 7.4;

*Lawler v. Hensley,*
103 Wash. App. 1052, (2000);

*Patterson v. Horton,*
84 Wash. App. 531, 543, 929 P.2d 1125 (1997)

**DEFENDANTS' PROPOSED INSTRUCTION NO. 41**
**DAMAGES BASED ON PAST MEDICAL BILLS MUST REFLECT ACTUAL AMOUNT OF THESE EXPENSES**

If you find that one or more defendants is liable and that plaintiff is entitled to recover damages based on past medical expenses, these damages must be based on the actual amount of these expenses, not on the amount originally charged by plaintiff's medical providers.

For example, if a medical provider charged plaintiff $1,000 for services which plaintiff has proved was reasonable and necessary to her treatment for her injuries, but the amount was reduced to $900 before any payments were made and the provider did not seek to recover the remaining $100, plaintiff's actual damages for this charge would be $900.

**DEFENDANTS' PROPOSED INSTRUCTION NO. 42**
**RETURN OF VERDICT**

A verdict form has been prepared for you.

*[Any explanation of the verdict form may be given at this time.]*

After you have reached unanimous agreement on a verdict, your foreperson juror will fill in the form that has been given to you, sign and date it, and advise the Court that you are ready to return to the courtroom.

9th Circuit Model Jury Instruction No. 4.4.

By their attorneys,

**CLINTON & MUZYKA, P.C.**

"/S/Robert E. Collins"
**Robert E. Collins**
**RI BAR NO: 2951**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

## CERTIFICATE OF SERVICE

DECOF & DECOF
One Smith Hill
Providence, RI 02903

Attn: John S. Foley

I hereby certify that I electronically filed **Defendants' Request for Instructions to the Jury** on March 25, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above counsel has been effectuated by electronic means.

"/s/Robert E. Collins"