**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO. 05-450-S**

**LYNN M. SUTHERLAND,**
**Plaintiff,**

**VS.**

**HYC, INC. and JEFFREY BARROWS,**
**Defendants.**

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE OPINIONS OF DR. RICHARD SCHUSTER**

Now come the defendants, HYC, Inc. and Jeffrey Barrows, in the above entitled action, by their attorneys and move this Honorable Court in Limine to limit the opinions of Dr. Richard Schuster on the basis that his opinions were not contained within his report.

This matter involves a claim for personal injury brought by a passenger on the S/V HERITAGE on August 21, 2004. Plaintiff has retained Dr. Richard Schuster of Comprehensive Rehabilitation Consultants, Inc., as a vocational expert, to conduct a vocational assessment of the plaintiff. A copy of his report is attached hereto.

Dr. Schuster was engaged to perform a vocational assessment and provide opinions as a vocational expert. The report provided by Dr. Schuster reviews the medical condition, the earnings for various job positions, and provides no expert opinion on vocational assessment or her

ability to work. The report is a rambling recitation of factual information derived from medical records, the state of earnings for job positions, but no clear opinion concerning her aptitude for returning to work, the level of work she is capable of performing, and any vocational training. The defendants request that Dr. Schuster be completely barred from testifying concerning areas not unique to the vocational assessment and vocational expertise.

A typical example was Dr. Schuster providing an opinion concerning post-traumatic stress disorder and depressive symptomology.

The deposition of Dr. Schuster was taken on January 28, 2008. In the deposition, Dr. Schuster opined the plaintiff had chronic pain syndrome overlapping post-traumatic stress disorder and depressive symptomology. *See Schuster deposition at page 42*.

Nowhere in his report or in any of the medical records is plaintiff diagnosed with chronic pain syndrome or post-traumatic stress disorder.

The defendants pray this Honorable Court limit the opinions of Dr. Richard Schuster to those contained within his report and preclude him from rendering any opinion that plaintiff suffers from chronic pain syndrome and/or post-traumatic stress disorder.

It is axiomatic that Rule 26 requires “a report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore;…” Note say for example Va*lenser v. Sandborn Mfg. Co., Inc.,* 205 WL 5957819 (S.D.Fla. 2005). Nowhere in the report of Dr. Schuster does he opine that the plaintiff suffers from chronic pain syndrome and/or post-traumatic stress disorder. The defendant pray this Honorable Court preclude Dr. Schuster from rendering any such opinion.

**WHEREFORE**, the defendants move this Honorable Court to grant their Motion in Limine to preclude expert Dr. Richard Schuster from rendering any opinions that are beyond the realm of his expertise as a vocational expert and specifically that the plaintiff suffers from chronic pain syndrome and/or post-traumatic stress disorder.

Respectfully submitted,

By its attorneys,

**CLINTON & MUZYKA, P.C.**

“/s/ Robert E. Collins”
**Robert E. Collins**
**Bar No. 2951**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

Dated: April 2, 2008

**CERTIFICATE OF SERVICE**

DECOF & DECOF
One Smith Hill
Providence, RI 02903
Attn: John S. Foley

I hereby certify that I electronically filed **Defendants' Motion in Limine to Preclude the Opinions of Dr. Richard Schuster** on April 2, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above counsel has been effectuated by electronic means.

"/s/Robert E. Collins"
Robert E. Collins