**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO. 05-450-S**

**LYNN M. SUTHERLAND,**
**Plaintiff,**

**VS.**

**HYC, INC. and JEFFREY BARROWS,**
**Defendants.**

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE OPINIONS RENDERED BY CAPTAIN PATRICK A. DERRY**

Now come the defendants, HYC, Inc. and Jeffrey Barrows, in the above entitled action, by their attorneys and move this Honorable Court in Limine to preclude opinions rendered by Captain Patrick A. Derry that are not contained within his report.

This matter involves a claim for personal injury brought by a passenger on the S/V HERITAGE on August 21, 2004. Plaintiff has retained Captain Patrick A. Derry to render opinions concerning the warning obligations of Captain Jeffrey Barrows during the sail.

Captain Derry opined that "Prudent seamanship would dictate that a vessel's master would either take measures to isolate passengers from hazardous conditions or at least warn the passengers of the danger so that they might not needlessly expose themselves." *A copy of Captain Derry's report is attached hereto*.

Captain Derry's deposition was taken on March 31, 2008. During the deposition, he rendered an opinion that during each tacking maneuver Captain Barrows should go through the tacking procedure testified to as by the various witnesses. No witness has indicated that the tacking procedure was not followed during the incident in question. This tacking procedure entailed announcing that a procedure was forthcoming, receiving a response from the forward deck crew and initiating the procedure. Captain Derry opined that in addition to this tacking procedure, Captain Barrows should check to make sure that passengers are clear of the turning block. Nowhere in his report did Captain Derry indicate that Captain Barrows should affirmatively check the turning block each time that a tack is initiated. Nowhere does he indicate in his report that a warning should be given each time a tack is initiated and that further actions beyond the warning, including but not limited to affirmatively sighting that all passengers are clear of the turning block, should be taken.

It is axiomatic that Rule 26 requires "a report shall contain a <u>complete statement of all opinions</u> to be expressed and the basis and reasons therefore;…" See for example Va*lenser v. Sandborn Mfg. Co., Inc.,* 205 WL 5957819 (S.D.Fla. 2005).

**WHEREFORE**, the defendants move this Honorable Court to

grant their Motion in Limine to preclude expert Captain Patrick A. Derry from rendering opinions beyond those contained within his report.

Respectfully submitted,

By its attorneys,

**CLINTON & MUZYKA, P.C.**

"/s/ Robert E. Collins"
**Robert E. Collins**
**Bar No. 2951**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

Dated: April 2, 2008

## CERTIFICATE OF SERVICE

DECOF & DECOF
One Smith Hill
Providence, RI 02903
Attn: John S. Foley

I hereby certify that I electronically filed **Defendants' Motion in Limine to Preclude the Opinions of Rendered by Captain Patrick A. Derry** on April 2, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above counsel has been effectuated by electronic means.

"/s/Robert E. Collins"
Robert E. Collins