**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO. 05-450-S**

**LYNN M. SUTHERLAND,**
**Plaintiff,**

**VS.**

**HYC, INC. and JEFFREY BARROWS,**
**Defendants.**

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF DR. JOHN LENOX**

Now come the defendants, HYC, Inc. and Jeffrey Barrows, in the above entitled action, by their attorneys and move this Honorable Court in Limine to preclude the testimony of Dr. John Lenox on the basis that he has no opinions as to the mechanics of the incident and his only opinion is that the plaintiff had her hand on top of the turning block just prior to plaintiff's injury.

As grounds in support of this motion, the defendants submit that this is a factual representation based upon the testimony of the plaintiff and the other onboard witnesses. It is not an opinion and will not assist the jury in its determination. Even if admissible, the opinion of Dr. Lenox is not reliable in light of his testimony that after he prepared his report, he examined a mirror image of the block and this raised enough questions in his mind as to the mechanics of the injury that he had no opinions as to

how the plaintiff's hand came to be inside the turning block and the mechanics of how the plaintiff sustained the injuries in the incident. As such, defendants' pray this Honorable Court rule in Limine that the testimony of Dr. John Lenox is inadmissible.

The opinions in Dr. Lenox's report were derived "from the accident scenario reconstruction and injury mechanism analysis" were rendered with reasonable trauma medical and biomechanical engineering probability. A copy of Dr. Lenox's report is attached hereto as Exhibit "1".

Dr. Lenox's deposition was taken on February 19, 2008 by the defendants. Dr. Lenox presented as plaintiff's expert witness. However, he admitted that after he authored his report he was able to examine a mirror image of the turning block in question. After the incident, both the port and starboard side turning blocks were removed from the vessel. Both Dr. Lenox and Dr. King, on behalf of the defendants, examined the portside block while the starboard turning block, the one in which the injury occurred, was retained as a trial exhibit. The turning blocks are made by the same manufacturer and are identical, except that they are mirror images. Both turning blocks have a larger opening in the sheave on the aft inboard side of the turning block. See page 68 of the deposition of Dr. Lenox.

Dr. Lenox opined that the plaintiff had her right hand palm down on the top of the block with her thumb facing inboard and her other fingers draped down between the sheets as they enter and exit the turning block. See page 55-59 of the deposition of Dr. John Lenox. He did this by considering the alternatives and discounting them, although he does admitted that the plaintiff could have had her hand palm down on the deck. See page 63 of the deposition of Dr. John Lenox.

When asked how the plaintiff's hand came to be caught, to allow it to be dragged into the turning block, he replied "I can't tell you." *Deposition of Dr. John Lenox at page 64 line 24.* He had no opinion how the plaintiff's hand came to be dragged into the turning block. Lenox deposition at page 65 line 21. He did not know if the plaintiff's ring was snagged on the sheet. Lenox deposition at page 66 line 8.

Even more revealing, when asked his opinion as to how the injuries came about, he responded "Having had a chance, the privileged chance to examine a mirror image of the subject block, I'm not able to address that." *See Lenox deposition at page 68 line 19.* When asked how the injury to plaintiff's index finger occurred, he responded

> "I can't give you those details now. I've had a chance to look at the turning block. I've had a chance to see how deeply inward her hand would be jammed. And it's such a complex process with so much

> going on involving initial capture, travel inward, jamming of the hand and fingers, movement of broken pieces, open dislocations, almost near amputation of flesh and joints coming apart, that I can't tell you now how that happened….But with the information level that I have now, I can't go into more detail.

Deposition of Lenox at 70-71. Thus, Dr. Lenox's only representation is that the plaintiff had her hand on the turning block immediately prior to the incident. Even this is not a viable opinion, as he admitted that she could have had her hand on the deck, palm down on top of the sheet. This opinion is based upon a consideration of the alternatives and, barring other factors, would probably be an inadmissible opinion. However, Defendant suggests that this opinion is unreliable, in light of Dr. Lenox's failure to explain the mechanics of the incident.

In *Crowne v. Marchand, 506 F.3rd 13 (1st Cir. 2007),* the Court set forth the standard for expert testimony. The Court therein noted:

> The Federal Rules of Evidence afford district courts substantial latitude in the admission or exclusion of opinion evidence. Consequently, we review a district court's decision regarding the admissibility vel non of expert testimony solely for abuse of discretion. *See Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 143, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997); *United States v. Maxwell,* 254 F.3d 21, 25 (1st Cir.2001).
>
> The touchstone for the admission of expert testimony in federal court litigation is Federal Rule of Evidence 702. This rule, by its terms, states that an expert, in order to supply opinion testimony, must be "qualified ... by knowledge, skill, experience, training, or education" and must possess specialized knowledge that "will assist the trier of fact to understand the evidence or to determine a fact in

> issue." Fed.R.Evid. 702. In addition, the rule requires that such opinion testimony rest on "sufficient facts or data" and reflect the use of "reliable principles and methods" appropriate to the expert's field. *Id.*
>
> These requirements impose a correlative obligation upon a trial court to serve as a gatekeeper in order to ensure, as a condition of admissibility, that proffered expert testimony rests on a sufficiently trustworthy foundation. *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 597, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Where, as here, the factual basis of an expert's testimony is called into question, the district court must determine whether the testimony has "a reliable basis" in light of the knowledge and experience of the relevant discipline. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 148, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) (quoting *Daubert,* 509 U.S. at 592, 113 S.Ct. 2786).

Id. at 16-17. Defendant does not contest Dr. Lenox's qualification, but asserts that his one representation is unreliable in light of its glaring inability to explain any of the mechanics of the plaintiff's injuries and explain how the accident happened. Dr. Lenox opines that the plaintiff had her hand on the top of the turning block with her palm down and her thumb facing inboard. However, he is unable to use this position and explain how the accident happened, how the plaintiff's hand came to be dragged into the turning block or the mechanics of how the plaintiff's observed injuries occurred.

The defendants pray this Honorable Court rule in limine that the purported expert opinions of Dr. John Lenox be excluded as unreliable in light of his inability to

explain how the plaintiff's having her hand on top of the turning block with her palm down and her thumb facing inboard could have lead to the injury. He was unable to explain how the plaintiff's hand came to be dragged into the turning block, how the amputation occurred, how the injury to the plaintiff's index finger occurred, or the mechanics of how the turning block caused any injury to the plaintiff's right hand. Defendant asserts that the expert testimony of Dr. Lenox would not be of assistance to the jury or this Honorable Court. The plaintiff will testify that she does not know where her hand was just prior to the incident, but she is sure that she did not have her hand around the jib sheet. She also did not know how her hand came to be dragged into the starboard turning block. Failure to be able to provide said explanation will merely confuse the jury because it presents an unsupported possibility that does not assist the jury in determining how the plaintiff's hand came to be injured.

**WHEREFORE**, the defendants move this Honorable Court grant their Motion in Limine to Preclude the Expert Testimony of Dr. John Lenox.

Respectfully submitted,

By its attorneys,

**CLINTON & MUZYKA, P.C.**

"/s/ Robert E. Collins"

**Robert E. Collins**
**Bar No. 2951**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

Dated: April 2, 2008

**CERTIFICATE OF SERVICE**

DECOF & DECOF
One Smith Hill
Providence, RI 02903
Attn: John S. Foley

I hereby certify that I electronically filed **Defendants' Motion in Limine to Preclude the Testimony of John Lenox** on April 2, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above counsel has been effectuated by electronic means.

"/s/Robert E. Collins"
Robert E. Collins