**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO. 05-450-S**

**LYNN M. SUTHERLAND,**
**Plaintiff**

**VS.**

**HYC, INC. and JEFFREY BARROWS,**
**Defendants**

**DEFENDANT, CAPTAIN BARROWS’, MOTION TO DISMISS DEFENDANT CAPTAIN BARROWS**

Now comes the defendant, Captain Barrows, by and through his counsel, and respectfully moves this Honorable Court to grant Defendant’s Motion to Dismiss pursuant to the Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

The grounds are set forth as follows:

## I. STATEMENT OF THE CASE

On August 21, 2004, the plaintiff, Lynn Sutherland, was a passenger on the 12 Meter Yacht HERITAGE, owned by defendant HYC, Inc. The defendant, JEFFREY BARROWS, was the vessel’s Captain. During the charter cruise, the plaintiff suffered a hand injury, resulting in a partial amputation of one finger and other injuries to her right hand. The plaintiff commenced this action in the United

States District Court for the District of Rhode Island on August 4, 2005 against both defendants.

The plaintiff maintains that the defendants failed to warn her of a dangerous condition. The defendants maintain that such dangerous condition, if one existed, constituted an "open and obvious" condition for which there was no duty to warn. The defendants, in the alternative, argue that appropriate warnings were issued satisfying any requirement to the plaintiff.

Defendant HYC, Inc. was, at all times material hereto, the owner of the S/Y HERITAGE (O.N. 604706). The S/Y HERITAGE (O.N. 604706) is a 62' wooden hull 12 Meter sailboat that was built in 1970 to compete in the defense of the America's Cup. Defendant, Jeffrey Barrows, is a resident of Marblehead, Massachusetts and at all times material hereto was the S/Y HERITAGE's Captain on August 21, 2004.

## II. ARGUMENT

The defendant, Jeffrey Barrows, should be dismissed as a party because the plaintiff's complaint fails to state a viable cause of action against the defendant, Jeffrey Barrows, because Captain Barrows is not a proper defendant in a passenger's claim for negligence under the General Maritime Law.

In the Plaintiff's Complaint, she alleges:

> 2. Defendant HYC, Inc. is a business corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business in Marblehead, Massachusetts. ***At all relevant times, defendant HYC, Inc. was the owner and/or operator of S/V HERITAGE, a twelve-meter yacht, which it used for charter sails.*** All relevant times, defendant HYC, Inc. was doing business in the State of Rhode Island, and has sufficient minimum contacts with the State of Rhode Island to subject it to the jurisdiction of this Court.
>
> 3. Defendant Jeffrey Barrows is a resident of Jackson, New Hampshire, and has sufficient minimum contacts with the State of Rhode Island to subject him to the jurisdiction of this Court. ***At all relevant times, Jeffrey Barrows was the owner and/or operator of S/V HERITAGE,*** a twelve-meter yacht, which he used for charter sails. On August 21, 2004, defendant Jeffrey Barrows was acting as the captain of S/V HERITAGE.
> *(bolding and italicizing our emphasis)*

In the Defendants' Answer, Jeffery Barrows denied the allegations of owner and operator in paragraph 3 and pled as an Affirmative Defense, the following:

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants [sic] fails to state a cause of action against defendant, Jeffrey Barrows, on the basis that he was neither the owner nor operator of the S/Y HERITAGE on August 21, 2004.

"The proper defendant in a passenger case is the **shipowner or operator,** not brokers or agents who…manage

the ship for a disclosed principal." Thomas J. Schoenbaum, *Admiralty and Maritime Law: Practitioner Treatise Series,* § 5-5, at 201(4th ed. 2004) (our emphasis added). The shipowner and operator owe a duty to exercise reasonable care towards passengers and visitors to the vessel. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959).

The defendant submits that under the General Maritime Law, he is not, in his capacity as a Captain, an owner or operator, and therefore does not owe the duties outlined in *Kermarec* to passengers.

At the time of the accident, HYC, Inc. was the owner of the S/Y HERITAGE. In *Stewart v Moore*, 334 F. Supp. 396, 397 (S.D.T.X.1971), the Court held that the corporate entity, and not the sole stockholder and president who managed vessel operations, constitutes the owner of the vessel. Therefore, Jeffrey Barrows does not constitute an "owner" as it is an uncontested fact that HYC, Inc. was, at all times material hereto, the owner of the S/Y HERITAGE.

Captain Barrows is also not the "operator" of the vessel, but rather an agent managing the ship for a disclosed principal. As an agent of HYC, Inc., which was not alleged to be an undisclosed principal, Jeffrey

Barrows cannot be held liable as an "operator" of the vessel. *Haffel v. United States Lines*, Co., 114 F.Supp. 443 (S.D.N.Y.1953).

It is the general maritime understanding that Captains do not constitute "operators." *See Green Atlas Shipping S.A. v. U.S.*, 306 F.Supp.2d 974, 980-81 (D. Or. 2003). In *McAleer v. Smith*, 818 F.Supp. 486, 494 (D.R.I.1993) *aff'd,* 57 F.3d 109 (1st Cir.1995), the District Court proclaimed, in referring to a General Maritime Law cause of action for negligence, that "the status of such an action against a master of a vessel is unclear." The Court further explicated that "[u]pon review of the history of seamen's actions, the Court concludes that there is no negligence cause of action against the captain of a vessel" under the General Maritime Law. *Id.*

Under the Oil Pollution Act, and its "broad" definition of "operator," a Captain is not an "operator" even if he literally operated the vessel. *Green Atlas Shipping S.A.*, 306 F.Supp.2d at 980-81. In reasoning that a Captain is not an operator, the *Green Atlas Shipping S.A.* Court wrote that it is "***the general maritime understanding" that "operators" are "those entities that are ultimately responsible for the vessel's overall***

***operation, including the direction of the captain and crew, but not the captain himself.*"** *Id. (our emphasis added).* As well, Captains are deemed not to be owners or operators, and thus not liable, under numerous maritime causes of action. See e.g. *McAleer*, 57 F.3d 109 (1st Cir. 1995) (finding that a Captain cannot be liable under the Jones Act or the General Maritime Law doctrine of Unseaworthiness because he is not an owner or operator of the vessel).

As such, Captain Barrows, individually in his capacity as Captain, is not ultimately responsible for the vessel's overall operation, and is not an "operator" or "owner" as it is generally understood in the context of the maritime laws of the United States. Accordingly, because Captain Barrows is not a proper defendant under a claim for general maritime law negligence, this cause of action should be dismissed as it fails to state a claim upon which relief may be granted.

**WHEREFORE,** the Defendant, Captain Barrows, respectfully request this Honorable Court grant this motion to dismiss defendant Captain Barrows from the action.

Respectfully submitted,

**CLINTON & MUZYKA, P.C.**

“/S/Robert E. Collins”
**Thomas J. Muzyka**
**Pro Hac Vice**
**Robert E. Collins**
**RI BAR NO: 2951**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165