**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

LYNN M. SUTHERLAND

vs. C. A. NO.: 05-450 S

HYC, INC. and JEFFREY BARROWS

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF THIRD MOTION IN LIMINE**

Defendants identified in their pretrial memorandum, filed on March 26, 2008, a witness named Herbert Marshall. The designation, in its entirety, reads as follows:

> 14. HERBERT MARSHALL—FACTUAL
>
> Captain Marshall is the Captain of S/Y AMERICAN EAGLE, the vessel that the Sutherland family was on the year before the incident. He will testify as to his practice and procedure for the safety briefing and the warnings that he gives to the passengers aboard the S/Y AMERICAN EAGLE.

Despite the "factual" label that defendants attach to this witness, it appears that one reason he is being offered is as an expert witness to comment on standard-of-care issues. This witness has not been identified as having any personal knowledge of the incident involved in this lawsuit or its consequences, and in fact has no such knowledge. The description of his testimony makes it clear that he will be testifying about his safety briefing practices and procedures. One purpose for such testimony could be to present to the jury an indication of what an allegedly reasonable charter captain would do with regard to safety briefings, which would be offering him as an expert witness.

Under this Court's pretrial orders, all the defense experts were required to be identified in May of 2007. Defendants should not be allowed to subvert the procedures and deadlines established by the Court for the orderly conduct of this case by waiting until the last minute to identify an expert witness. Defendants have had more than adequate time to determine whether they needed to identify and disclose a standard-of-care expert, and they have chosen not to do so within the time periods set forth by the Court. This designation of a charter captain to testify on standard-of-care issues comes approximately 10 months after defendants were required to disclose expert witnesses, and a matter of weeks before trial will start. Such a disclosure is simply far too late, and should not be countenanced.

To the extent that this evidence is being offered to support an argument that warnings were given to plaintiff in 2003 on a different vessel by a different captain, the evidence lacks relevance to the issues in this case, which involves an injury that occurred one year later on a different vessel under different circumstances. The evidence is likely to confuse the jury, because jurors could improperly reason that, since a warning was given in 2003, then no warnings were necessary in 2004, which would be contrary to the maritime rule that defendants themselves owed a duty of reasonable care to plaintiff, regardless of what might have happened on previous sails on different vessels.

Moreover, if defendants are offering this witness to show that warnings were given on the prior's year's sail on a different vessel and plaintiff is therefore comparatively negligent for not remembering those warnings in 2004, then defendants should have identified this witness and the warnings he allegedly gave in 2003 in answer to an interrogatory that plaintiff propounded to defendants asking each to state the facts

upon which they based their affirmative defense that plaintiff had acted negligently. Neither this witness nor the fact of any warnings given in 2003 was disclosed by either defendant in answer to this interrogatory. Plaintiff also propounded an interrogatory to defendants that asked them to identify each person known or believed "to possess <u>any knowledge</u> concerning the incident that is the subject of this litigation, other than those individuals identified by plaintiff in her answers to interrogatories and for each person identified, give a brief description of that person's knowledge of the incident" (emphasis added). Neither this witness nor his knowledge about warnings given in 2003 was identified in answer to that interrogatory either. Therefore, defendants' failure to notify plaintiff in the ordinary course of discovery of the identity of this witness and the facts they intend to present through him must bar them from now calling him as a surprise witness at trial.

For these reasons, this Court should enter an order prohibiting defendants from calling Herbert Marshall as a witness at trial.

LYNN M. SUTHERLAND

By her attorneys,

Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903
Telephone: (401) 272-1110
Facsimile: (401) 351-6641

/S/ John S. Foley
John S. Foley, Esq. Bar #2060

**CERTIFICATION**

I hereby certify that I served the within document by electronic filing to the following counsel of record: **Robert E. Collins, Esq.,** rcollins@clinmuzyka.com and michael@mhagopianlaw.com, and by regular mail, postage prepaid, to **Thomas J. Muzyka, Esq.,** Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, 02108 on the 4th day of April, 2008.

/S/John S. Foley

Sutherland P079