**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

LYNN M. SUTHERLAND

vs. C. A. NO.: 05-450 S

HYC, INC. and JEFFREY BARROWS

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' MOTIONS IN LIMINE**

Plaintiff objects to defendants' motions *in limine*, for the following reasons:

1. As to the motion to preclude the testimony of Allan Feldman as to plaintiff's lost earnings, the motion should be denied because Dr. Feldman has articulated a rational basis for his choice of the appropriate earnings data to employ in his projection, and any disagreement defendants have with that choice goes to the weight of Dr. Feldman's analysis, not its admissibility;

2. As to the motion to limit the testimony of plaintiff's vocational expert, Richard Schuster, Ph.D., the motion should be denied because the report of Dr. Schuster, who is a well-qualified vocational expert and a licensed psychologist, more than adequately sets forth clear and competent opinions related to plaintiff's employment prospects, including that plaintiff is limited by persistent pain and psychological consequences of her injury;

3. As to the motion to limit the testimony of plaintiff's charter captain, Patrick Derry, the motion should be denied because Captain Derry's opinions about when and how often warnings about the turning blocks should have been given are reasonable explications of the general opinion on warnings stated in his report;

4. As to the motion to preclude the testimony of John Lenox, M.D., Ph.D., P.E., plaintiff's biomechanical expert, the motion should be denied because Dr. Lenox's opinions on injury causation do address, in addition to where plaintiff's hand was just before her injury, how plaintiff's hand got caught in the turning block. Moreover, there is no requirement that Dr. Lenox offer an opinion on, or plaintiff prove how, each of her particular injuries was caused by the action of the hand being caught in the turning block;

5. As to the motion to preclude plaintiff's family members from testifying concerning her pain and suffering, this motion should be denied because there is no rule limiting this kind of testimony to only the plaintiff, and additional testimony on this topic by only the three members of plaintiff's immediate family will not be impermissibly cumulative;

6. As to the motion to bar the admission of the photographs of plaintiff's hand immediately before and after the repair surgery performed by Dr. Griggs on August 21, 2004, this motion should be denied because the photographs provide highly relevant and important evidence of the severity of plaintiff's injury and will help the jury understand the testimony of Dr. Griggs about the nature and extent of the injury and his repair of it.

The bases for these objections are more fully set forth in the accompanying memorandum.

WHEREFORE, plaintiff requests that each of defendants' motions *in limine* be denied.

LYNN M. SUTHERLAND

By her attorneys,

Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903
Telephone: (401) 272-1110
Facsimile: (401) 351-6641

/S/ John S. Foley
John S. Foley, Esq. Bar #2060

**CERTIFICATION**

I hereby certify that I served the within document by electronic filing to the following counsel of record: **Robert E. Collins, Esq.,** rcollins@clinmuzyka.com and michael@mhagopianlaw.com, and by regular mail, postage prepaid, to **Thomas J. Muzyka, Esq.,** Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, 02108 on the 7th day of April, 2008.

/S/John S. Foley

Sutherland P075