**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO. 05-450-S**

**LYNN M. SUTHERLAND,**
**Plaintiff,**

**VS.**

**HYC, INC. and JEFFREY BARROWS,**
**Defendants.**

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S THIRD MOTION IN LIMINE TO PRECLUDE TESTIMONY OF HERBERT MARSHALL**

Now come the defendants, HYC, Inc. and Jeffrey Barrows, in the above entitled action, by their counsel and submit their Opposition to Plaintiff's Third Motion in Limine to preclude the testimony of Captain Herbert Marshall.

This action involves a claim for personal injury commenced by a passenger on the S/Y HERITAGE on August 21, 2004. At the time of the incident, the S/Y HERITAGE had just completed mock racing with other 12 meter sailing vessels.

The plaintiff has testified that she was a passenger onboard the S/Y HERITAGE, was inexperienced in sailing and onboard sailing maneuvers, was unfamiliar with turning blocks, and did not observe the turning blocks during the two hour and forty minute cruise. She professes that she has little, if any, knowledge of boats and in particular

sailboats. The sole reason for demanding a warning about the turning blocks was her lack of familiarity with sailing and sailboats.

Captain Marshall's testimony is relevant because it places the plaintiff onboard the S/Y AMERICAN EAGLE, which is another 12 Meter Yacht that charters out of the Port of Newport. In August 2003, one [1] year before the plaintiff's injury, the plaintiff was aboard the S/Y AMERICAN EAGLE doing exactly the same maneuvers that the S/Y HERITAGE was performing at the time of the plaintiff's injury. On that occasion, she and her family were passengers on the S/Y AMERICAN EAGLE mock racing with other 12 Meter Yachts off Newport.

Captain Marshall's testimony will describe this sailing day, his safety orientation speech, the equipment on the vessel, the maneuvers performed by the S/Y AMERICAN EAGLE during the mock racing, the work performed by the crew and passengers, and the tacking announcements.

This testimony will establish that the plaintiff has prior knowledge of a similar 12 Meter Vessel's safety orientation speech, the equipment on the vessel, the maneuvers performed by the S/Y AMERICAN EAGLE during the mock racing, the work performed by the crew and passengers, and the tacking announcements. It may also affect the credibility of the plaintiff based upon her prior

testimony, the testimony at trial, and the trier of fact's assessment of her testimony.

Captain Marshall's identity as a factual witness was first disclosed in the plaintiff's deposition on July 11, 2006. The defendants have properly responded to all discovery and have not shielded Captain Marshall from the plaintiff.

This testimony about the plaintiff's boat knowledge, sailing experience, 12 Meter Yacht experience, and mock racing operations is relevant, probative, and complies with the Federal Rules of Evidence as factual evidence. It also calls into issue the Plaintiff's credibility.

**WHEREFORE**, the defendants move this Honorable Court to deny Plaintiff's Third Motion in Limine regarding the testimony of Captain Herbert Marshall.

Respectfully submitted,

By their attorneys,

**CLINTON & MUZYKA, P.C.**

"/s/ Robert E. Collins"
**Thomas J. Muzyka**
**Pro Hac Vice**
**Robert E. Collins**
**RI BAR NO: 2951**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

Dated: April 7, 2008

# CERTIFICATE OF SERVICE

DECOF & DECOF
One Smith Hill
Providence, RI 02903

Attn: John S. Foley

I hereby certify that I electronically filed **Defendants' Opposition to Plaintiff's Third Motion in Limine to Preclude the testimony of Captain Herbert Marshall** on April 7, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above counsel has been effectuated by electronic means.

"/s/Robert E. Collins"
Robert E. Collins