**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO. 05-450-S**

**LYNN M. SUTHERLAND,**
**Plaintiff,**

**VS.**

**HYC, INC. and JEFFREY BARROWS,**
**Defendants.**

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE TESTIMONY OF DAVID DUBOIS**

Now come the defendants, HYC, Inc. and Jeffrey Barrows, in the above entitled action, by their counsel and submit their Opposition to Plaintiff's Motion in Limine to preclude the opinion testimony of Defendant's expert, David C. Dubois.

This action involves a claim for personal injury commenced by a passenger on the S/Y HERITAGE on August 21, 2004. The defendants have retained David C. Dubois to render expert marine safety testimony in this matter. Mr. Dubois is a graduate of the U.S. Coast Guard Academy and a former Marine Safety Officer and Investigator for the United States Coast Guard. He has been employed as a marine surveyor and safety inspector since 1980 with Marine Safety Consultants, Inc. *A copy of Mr. Dubois' Curriculum Vitae and Report is attached hereto as Exhibit "1".*

The Plaintiff has moved in limine to preclude Mr.

Dubois from offering certain opinions, on the basis that the opinions are irrelevant or, in the alternative, that the probative value of the opinions is outweighed by the possibility of confusing the jury. The Defendants pray that this Honorable Court deny the Plaintiff's Motion in Limine because the opinion evidence is pertinent, relevant, and will assist the jury in understanding U.S. Coast Guard regulation, vessel construction, and good seamanship practice. It also refutes the direct testimony of Plaintiff's maritime expert, Patrick A. Derry.

**I. CERTIFICATE OF INSPECTION**

The passenger vessel industry is under the oversight of the United States Coast Guard and is regulated, in part, by the United States Coast Guard. As part of the oversight and regulating charge, the United States Coast Guard personnel [1] inspect the vessel's construction plans to confirm compliance with safety regulations and [2] every year inspect the vessel to assure that it and its equipment are safe and maintained properly to carry passengers for hire. *See page 2 of Mr. Dubois' report.* If the vessel passes the annual United States Coast Guard inspection, it is issued a Certificate of Inspection which permits the vessel to carry passengers. *A copy of the Certificate of Inspection for the S/Y HERITAGE is attached hereto as Exhibit "2".*

The Plaintiff maintains that the turning blocks on the S/Y HERITAGE constitute a dangerous and/or hazardous condition. *See report of Plaintiff's expert, Captain Patrick A. Derry attached hereto as Exhibit "3".* Captain Derry testified in his deposition that the turning block on the S/Y HERITAGE was an *exposed hazard*. *See deposition of Derry attached hereto as Exhibit "4" at page 69-70.* He further testified in his deposition that a inspection by the U.S. Coast Guard entails an inspection for any *hazardous conditions*. *See page 80 of the Derry deposition.* This testimony is important to the Plaintiff because she maintains that the presence of a hazardous or dangerous condition is a basis for a heightened duty on behalf of the Captain to warn the passengers. *See Plaintiff's Pretrial Memorandum at page 7 ("The greater the circumstances of the case demonstrate a type of risk that is different from the kind of kind of risk encountered in daily life, and a type of risk that involves greater danger to the passenger, the higher the level of the shipowner's care will have to be in order to be 'reasonable care'.").*

The issuance of the Certificate of Inspection is directly contrary to and refutes the Plaintiff's expert testimony. The U.S. Coast Guard inspection involves a rigorous annual examination of the vessel and its equipment. It particularly addresses the existence of any

hazardous conditions. The fact that the Certificate of Inspection was issued is both competent and reliable evidence that refutes the Plaintiff's expert's opinion.

This documentary evidence from the licensing agency is pertinent, relevant, and will assist the jury in understanding U.S. Coast Guard's regulation, vessel construction, and its material condition.

**II. 46 CFR §177.960**

46 CFR §177.960 is a U.S. Coast Guard regulation that addresses exposed hazards on vessels. It states

> ***"An exposed hazard, such as gears or rotating machinery, must be properly protected by a cover, guard, or rail."***

Captain Derry specifically refers to the section in his report. He states that the passengers should be isolated otherwise *"The result of this is that passengers are not prevented from coming into contact with potentially dangerous equipment."*

The opinion of Mr. Dubois is offered to counter this opinion. He opines that the turning blocks on the S/Y HERITAGE are in compliance with this regulation, they are not an "exposed hazard", the sheaves are covered, and that there is no practical method of employing a guard or rail. This evidence is relevant, probative, will not confuse the jury, and refutes the opinion evidence proffered by Captain Patrick Derry.

The Defendants pray that this Honorable Court deny Plaintiff's Motion in Limine relative to the testimony by Mr. Dubois regarding 46 CFR §177.960 as it meets the requirements of Fed. R. Ev. 401 and 403.

**III. 46 CFR §185.506**

46 CFR §185.506 requires a passenger safety orientation announcement. It is specifically referred to in the report of Plaintiff's expert Captain Patrick Derry. *See page 2 at opinion 2.* He opines that:

> ***"It is common practice for vessel masters to avail themselves of the safety brief to warn passengers of the dangers of sitting on the railings, the dangers posed by booms, blocks and running rigging(on sailing vessels) and other items pertaining to safety and comfort on each particular vessel."***

46 CFR §185.506 states:

> ***Passenger safety orientation.***
>
> ***(a) Except as allowed by paragraphs (b) and (c) of this section, before getting underway on a voyage or as soon as practicable thereafter, the master of a vessel shall ensure that suitable public announcements are made informing all passengers of the following:***
> ***(1) The location of emergency exits, survival craft embarkation areas, and ring life buoys;***
> ***(2) The stowage location(s) of life jackets;***
> ***(3) Either:***
> ***(i) The proper method of donning and adjusting life jackets of the type(s) carried on the vessel including a demonstration of the proper donning of a lifejacket, or***

***(ii) That passengers may contact a crew member for a demonstration as appropriate, prior to beginning an oceans or coastwise voyage;***

***(4) The location of the instruction placards for life jackets and other lifesaving devices;***

***(5) That all passengers will be required to don life jackets when possible hazardous conditions exist, as directed by the master; and***

***(6) If the vessel is operating with reduced manning or equipment requirements in § 176.114 of this chapter.***

***(b) As an alternative to an announcement that complies with paragraph (a) of this section, the master or other designated person may--***

***(1) Prior to getting underway, deliver to each passenger or, on a vessel that does not carry vehicles and that has seats for each passenger, place near each seat, a card or pamphlet that has the information listed in paragraphs (a)(1) through (a)(6) of this section; and***

***(2) Make an abbreviated announcement consisting of:***

***(i) A statement that passengers should follow the instructions of the crew in an emergency;***

***(ii) The location of life jackets; and***

***(iii) That further information concerning emergency procedures including the donning of life jackets, location of other emergency equipment, and emergency evacuation procedures are located on the card or pamphlet that was given to each passenger or is located near each seat.***

The duty and obligation of the vessel owner/operator to warn the passengers of the presence and danger of the turning blocks is the central issue in this litigation. The Plaintiff’s expert cites 46 CFR §185.506 for the

proposition of warning about the "…***dangers of sitting on the railings, the dangers posed by booms, blocks and running rigging(on sailing vessels) and other items pertaining to safety and comfort…".***

The cited regulation does not require the warning that plaintiff's expert suggests it requires. In point of fact, it is a limited warning which was provided by Captain Barrows at the time of the commencement of the cruise. The Defendant's expert addresses this regulation, its subject matter, the scope of any warning, and opines that Captain Barrows satisfied this requirement during his annoucement at the time of the commencement of the cruise.

The opinion of Mr. Dubois is offered to counter the Plaintiff's expert's opinion. This evidence is relevant, probative, will not confuse the jury, and refutes the opinion evidence proffered by Captain Patrick Derry.

The Defendants pray that this Honorable Court deny Plaintiff's Motion in Limine relative to the testimony by Mr. Dubois regarding 46 CFR §185.506 as it meets the requirements of Fed. R. Ev. 401 and 403.

**IV. JIB SAIL AND TACKING PROCEDURE**

The Defendants have offered Mr. Dubois to render an opinion that the decision to employ only a single jib sail and the tacking procedures followed by the crew on the charter cruise were in conformity with good seamanship,

safe maritime practice, and provided a warning each and every time the sail sheets were moved.

The Plaintiff asserts in her Pretrial Memorandum that "Moreover, as is made clear by plaintiff's injury, the circumstances here involved a risk of significant danger to the charter passengers." *See Plaintiff's Pretrial Memorandum at page 7.* She claims a lack of warning about significant dangers onboard the vessel.

The opinion evidence offered by Mr. Dubois directly refutes this allegation. The circumstances involved in this charter did not involve a risk of significant injury to the charter passengers. The vessel owner followed good seamanship and safe maritime practices in conducting the charter and issuing warnings. The Defendants elected to only employ the jib sail to minimize any potential concerns and they employed a safe procedure to announce each and every vessel maneuver as a warning.

Accordingly, Defendant prays this Honorable Court deny Plaintiff Motion in Limine concerning the opinion evidence of Mr. Dubois concerning the vessel owner's decision to sail with only the jib sail and the propriety of the tacking announcements [warning] employed by the vessel owner on August 21, 2005.

**V. OPEN AND OBVIOUS**

Lastly, Mr. Dubois renders an opinion that the

risk of injury from placing one's hands and fingers near, on or in the turning blocks was open and obvious. The Defendants offer this expert opinion pursuant to Fed. R. Ev. 704. The Plaintiff seeks to exclude this opinion, arguing that such determination is for the Court and therefore an issue of law improper for expert testimony.

Defendant initially disputes Plaintiff's premise. The issue of whether the turning block was "open and obvious" is an issue for the trier of fact, in this case, the jury. *Maneely v. General Motors Corp,* 108 F.3rd 1176 (9th Cir. 1997); *Sheerer v. Hardee's Food Systems, Inc.,* 92 F.3rd 702 (8th Cir. 1996). Such opinion is the proper subject of expert testimony. *Kosmynka v. Polaris Industries, Inc.,* 462 F.3rd 74 (2nd Cir. 2006); *Kaytrack, Inc. v. Key Register, LLC,* 2004 W.L. 2944043 (N.D.Cal 2004). The testimony of Mr. Dubois is admissible if it will assist the trier of fact. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). Here, the issue of open and obvious is central to the defense of this litigation and the opinion of Mr. Dubois will assist the jury in their understanding of the circumstances. *Burkhart v. Washington Metropolitan Area Transit Authority,* 112 F.3rd 1207 (D.C. Cir. 1997). The injury occurred on a 12 Meter Yacht in Newport Harbor during a tacking maneuver. The opinion of Mr. Dubois, as supported by the factual testimony, will

assist the trier of fact and is therefore is properly admissible.

Even if the determination as to open and obvious is a question of law, it is still the proper subject of expert testimony is it will assist the Court. *Id.*

**WHEREFORE**, the Defendants move this Honorable Court to deny Plaintiff's Motion in Limine concerning the expert testimony of David Dubois.

Respectfully submitted,

By their attorneys,

**CLINTON & MUZYKA, P.C.**

"/s/ Robert E. Collins"
**Thomas J. Muzyka**
**Pro Hac Vice**
**Robert E. Collins**
**RI BAR NO: 2951**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

Dated: April 7, 2008

## CERTIFICATE OF SERVICE

DECOF & DECOF
One Smith Hill
Providence, RI 02903

Attn: John S. Foley

I hereby certify that I electronically filed **Defendants' Opposition to Plaintiff's Motion in Limine to Preclude the Opinions of David Dubois** on April 7, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above counsel has been effectuated by electronic means.

"/s/Robert E. Collins"
Robert E. Collins