**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

LYNN M. SUTHERLAND

vs. C. A. NO.: 05-450 S

HYC, INC. and JEFFREY BARROWS

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF OBJECTION TO DEFENDANT CAPTAIN BARROWS'S MOTION TO DISMISS CAPTAIN BARROWS**

Personal responsibility does not end at the water's edge. Defendant Barrows, whether on land or at sea, is personally responsible for his own tortious conduct. His assertion to the contrary is specious and his motion to dismiss must therefore be denied.[1]

Barrows maintains that, as the ship's captain, he is somehow immune from liability to the ship's passengers for his own negligence. According to Barrows, this Court and the First Circuit have held that "'there is no negligence cause of action against the captain of a vessel' under the General Maritime Law." Defendant's Motion at 5 (quoting *McAleer v. Smith*, 818 F. Supp. 2d 486, 494 (D.R.I. 1993) *aff'd*, 57 F.3d 109 (1st Cir. 1995)). But Barrows's motion misinterprets the holding of that case. *McAleer* involved claims by crew members – employees of the vessel – who were attempting to bring a tort action against their captain under general maritime law. The court held that *seaman employed on a vessel* do not have a common law tort action against their captain. Rather, the seaman's various remedies (both common law and statutory) are properly brought against the vessel's owner, under the Jones Act and the doctrines of maintenance

[1] Under the Court's pretrial order, motions to dismiss were required to be filed by October 12, 2006. That this motion was filed more than a year late is a fair reflection of the motion's lack of merit.

and cure and unseaworthiness. *McAleer* did not address, hold, or even obliquely imply that a captain is somehow immune from liability for his own negligence in a suit brought by an *invitee passenger* on his ship. Indeed, Barrows cites no case from any jurisdiction (and plaintiff is aware of none) which suggests that a captain cannot be sued in tort by a passenger. There is, therefore, no legal authority or general legal principle that could somehow support announcing a new rule of immunity in these circumstances.[2] Consequently, defendant Barrows does not have immunity from suit in this action.

As the captain of the ship, Barrows indisputably operated the vessel on the day in question. In addition to operating the vessel, Barrows was the sole officer, director and decision-maker of the corporation that owned the vessel. In fact, there was no other person who had the right to direct Captain Barrows in the operation of the vessel. He – and he alone – had the authority to operate the vessel. How then could he not be the operator?

As a last gasp, Barrows relies on a case involving the statutory construction of the Oil Pollution Act of 1990, 33 U.S.C. § 2701. Defendant's Motion at 5-6 (*citing Green Atlas Shipping v. U.S.*, 306 F. Supp. 2d 974 (D. Or. 2003)). In *Green Atlas*, the United States sought to hold the captain of a commercial vessel personally responsible for $96 million in clean-up costs under the Oil Pollution Act. Relying on the statute's legislative history and implementing regulations governing financial responsibility, the court held that the captain was not an "operator" of the vessel for the purposes of the Oil Pollution Act.

[2] Nor is there any equitable reason to announce a new immunity in this case, as the captain is covered by insurance. Since immunities are disfavored in the law, Barrows carries a heavy burden of justifying the proposed immunity as a matter of policy. This he has not even attempted to do.

Unlike *Green Atlas*, this action is not being brought under the Oil Pollution Act. This is a case under general maritime law for personal injury, brought by a passenger on a ship. Nothing in *Green Atlas* supports the notion that a ship's captain is immune from tort liability to his own passengers for his own negligence while operating the vessel.[3]

Significantly, although Barrows denies that he was the vessel's operator, he does not identify anyone else who allegedly served that role. As noted above, Barrows was the sole officer and decision-maker of the corporation that owned the vessel. Only he had the authority to direct the operation of the vessel, and he does not contend otherwise. The assertion that he, nonetheless, was not the operator as a matter of law is groundless; although all the evidence points to him, it is apparently his position that *no one* was operating the vessel at the time of Ms. Sutherland's injury.

A ship's captain has a solemn responsibility to his or her passengers, and the assertion that a captain has no legal duty to his passengers simply makes no sense. The captain of the ship does not have immunity against his own passengers. Accordingly, Captain Barrows's motion to dismiss must be denied.

[3] While the court did state that a captain may not necessarily be an operator under general maritime law, the court provided no discussion into the particular circumstances that might relieve a captain from liability. The court certainly did not suggest that a captain is not legally responsible to a passenger for the captain's own negligence.

Respectfully submitted,

LYNN M. SUTHERLAND

By her Attorneys,

Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903
Telephone: (401) 272-1110
Facsimile: (401) 351-6641

/S/John S. Foley
John S. Foley #2060

**CERTIFICATION**

I hereby certify that I served the within document by electronic filing to the following counsel of record: Robert E. Collins, Esq., rcollins@clinmuzyka.com and Michael R. Hagopian, Esq., michael@mhagopianlaw.com; and by regular mail, postage prepaid, to **Thomas J. Muzyka, Esq.**, Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, MA 02108, on the 7th day of April, 2008.

/S/John S. Foley
John S. Foley Bar #2060

Sutherland P077