**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO. 05-450-S**

**LYNN M. SUTHERLAND,**
**Plaintiff,**

**VS.**

**HYC, INC. and JEFFREY BARROWS,**
**Defendants.**

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S SECOND MOTION IN LIMINE TO PRECLUDE TESTIMONY OF FAILURE TO MITIGATE DAMAGES

Now come the defendants, HYC, Inc. and Jeffrey Barrows, in the above entitled action, by their counsel and submit their Opposition to Plaintiff's Motion in Limine to preclude evidence of the failure to mitigate damages.

This action involves a claim for personal injury commenced by a passenger on the S/Y HERITAGE on August 21, 2004. Subsequent to the injury, the Plaintiff treated with Dr. Robert Hotchkiss. Plaintiff's counsel has taken the videotaped deposition of Dr. Hotchkiss to be offered at trial. During the cross-examination of Dr. Hotchkiss, he was questioned concerning the Plaintiff's failure to attend physical therapy sessions. Contrary to the assertions in Plaintiff's Motion in Limine, Dr. Hotchkiss admitted that the Plaintiff's failure to attend the physical therapy sessions can become detrimental to the intended outcome.

***Q. Okay. And when people are missing a***

> ***number of appointments due to cancellations and no shows, that therapy is not being performed. Isn't that correct?***
>
> ***A. Right. There certainly is an issue with compliance that can become detrimental to the outcome.***

*See Hotchkiss deposition at page 71/25-72/10.*

Mitigation of damages is an equitable doctrine that means the reduction in the amount of damages by facts which show the Plaintiff's action does not entitled her toso large an amount as the showing on her side would otherwise justify the jury in allowing. *Morris v. Clawson Tank Co.,* 459 Mich.256, 587 N.W. 2d 253 (1998). Under this doctrine the defendant may show as a partial defense, in mitigation or reduction of the amount of damages, any facts and circumstances surrounding the injury which tend to reduce the amount required for just compensation to the plaintiff. *Trejo v. Denver & R. G. R. Co.,* 568 F.2d 181 (10th. Cir. 1977).

The rule is a general one, applicable alike to actions in tort and on contract, and does not, in the absence of a statute, depend on the nature of the action which the injured party seeks to maintain. *Southport Transit Co. v. Avondale Marine Ways, Inc*., 234 F.2nd 947 (5th Cir. 1956) The efforts which the injured party must make to avoid the consequences of the wrongful act or omission need only be

reasonable, *Hale Container Line, Inc. v. Houston Sea Packing Co., Inc.* 137 F.3rd 1455 (11th Cir. 1998); *Young v. American Export Isbrandtsen Lines, Inc.,* 291 F.Supp. 447 (S.D.N.Y. 1968), under the circumstances of the particular case, his or her duty being limited by the rules of common sense and fair dealing. *Rathborne, Hair & Ridgway Co. v. Williams,* 59 F.Supp. 1 (E.D.S.C. 1945). What is reasonably required depends on the extent of the threatened injury as compared with the expense of remedying the situation. *Lew v. Goodfellow Chrysler-Plymouth, Inc.,* 6 Wash. App. 226, 492 P.2nd 258 (1971). He or she should do what reasonable care require to minimize the loss, the test being what an ordinarily prudent person would be expected to do under like circumstances. *Hegler v. Board of Ed. Of Bearden School Dist., Bearden, Ark.,* 447 F.2nd 1078 (8th cir. 1971)

In the case at bar, it is clear that there is ample evidence that this issue should go to the trier of fact and the testimony of Dr. Hotchkiss is admissible. Dr. Hotchkiss was plaintiff's treating physician and the physician who prescribed physical therapy and received the reports from the physical therapist. Dr. Hotchkiss was unequivocal that the failure of the plaintiff to attend the physical therapy was contrary to his instructions and "can become detrimental to the outcome." Dr. Hotchkiss previously indicated that ***"she and I had many discussions,***

***as well as with the therapists, about how much she needed to be at therapy."***

The Plaintiff argues that without question she has made a diligent and reasonable effort and continues to do so to improve her condition. *See page 2 of Plaintiff's Second Motion in Limine.* That is an issue of fact for the jury to decide. The cross-examination of Dr. Hotchkiss certainly calls this conclusion into suspicion. Plaintiff further argues that she has not refused any recommended treatment. *See page 3 of Plaintiff's Second Motion in Limine.* Dr. Hotchkiss' testimony was clear and unequivocal that if the patient does not attend therapy then the therapy is not being performed. She may not have orally refused the treatment, but her attendance record reasonably justifies a finding that she has physically rejected the treatment. *See Hotchkiss deposition, Exhibit "A".* *See Hotchkiss deposition at page 76/25-78/17.*

Lastly, contrary to Plaintiff's argument that there is no medical testimony that the failure to attend would have made a difference, Dr. Hotchkiss testified that ***"There certainly is an issue with compliance that can become detrimental to the outcome."*** This was evidence from Plaintiff's own treating physician and is sufficient to present the issue to the jury.

**WHEREFORE**, the Defendants move this Honorable Court to

deny Plaintiff's Second Motion in Limine as to the evidence of mitigation of damages.

Respectfully submitted,

By their attorneys,

**CLINTON & MUZYKA, P.C.**

"/s/ Robert E. Collins"
**Thomas J. Muzyka**
**Pro Hac Vice**
**Robert E. Collins**
**RI BAR NO: 2951**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

Dated: April 7, 2008

**CERTIFICATE OF SERVICE**

DECOF & DECOF
One Smith Hill
Providence, RI 02903

Attn: John S. Foley

I hereby certify that I electronically filed **Defendants' Opposition to Plaintiff's Second Motion in Limine to Preclude Evidence of Mitigation of Damages** on April 7, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above counsel has been effectuated by electronic means.

"/s/Robert E. Collins"
Robert E. Collins