**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

LYNN M. SUTHERLAND

vs. C. A. NO.: 05-450 S

HYC, INC. and JEFFREY BARROWS

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF OBJECTION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PHOTOGRAPHS OF PLAINTIFF'S HAND**

Plaintiff intends to offer into evidence at trial only two photographs showing the current condition of her hand, one a palm-up view and the other a palm-down view. Such limited evidence of the current appearance of plaintiff's hand is not cumulative, as defendant argues. While plaintiff will exhibit her hand to the jury to explain her testimony about her current pain and limitations, and what her next surgery will involve, admitting into evidence only two photographs of the current appearance of her hand is clearly not the "needless presentation of cumulative evidence" that Fed. R. Ev. 403 gives this Court the discretion to exclude. The photographs are not "needless" because the condition of plaintiff's hand is a highly relevant damages issue, and they are not cumulative because they will be the only evidence in the trial record of what they depict.

Defendants' motion makes the strange argument that the admission of these two photographs is "intended to preserve the evidence into the jury deliberations" (Motion at 2). All admitted evidence is properly the subject of jury deliberations, and, if the jury finds defendants liable to plaintiff in this case, justice would not be served if the jury did not deliberate over the nature and extent of plaintiff's injuries, and have available to them all relevant evidence bearing on that assessment. A central part of plaintiff's damages is

the disfigured appearance and limited functioning of her hand, and these two photographs will certainly assist the jury in assessing this element of plaintiff's damages. Therefore, the jury should have the photographs of plaintiff's hand available to them as they deliberate, in order that the deliberations be fully informed as to the nature and extent of the disfigurement and limitations. While the in-court observation of plaintiff's hand will provide some evidence of the injury, photographs recording what the jurors will briefly observe in court will be important aids to the jury if they reach deliberations on plaintiff's damages. There is no rule that such in-court observations of an injury preclude the admission of photographs of the same injury. All relevant and admissible photographs are available to the jury during deliberation, and these two photographs are no different.

Defendants state, but offer no supporting discussion or argument, that the purpose of the photographs is to "arouse the passions of the jury" (Motion at 2). This is simply not true. The purpose of the photographs is to provide the jury with documentary evidence of the current condition of plaintiff's hand. This Court should reject defendants' attempt, in this motion and their motion to bar admission of the operating room photographs, to dilute plaintiff's damages presentation by preventing the jury from seeing the most probative evidence of her injury.

Finally, defendants ignore the necessity that plaintiff make a full record of her damages, in the event that there are post-trial or appellate proceedings over the propriety of any damages award. This Court or an appellate court may be called upon to review the jury's assessment of damages, and without these two photographs there will be no evidence in the record to document the current appearance of plaintiff's disfigured hand.

Thus, these two photographs are not only appropriate, but necessary, parts of the trial record in this case.

For these reasons, this Court should deny defendants' motion to preclude plaintiff from offering two photographs showing the current condition of her hand.

Respectfully submitted,

LYNN M. SUTHERLAND

By her Attorneys,

Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903
Telephone: (401) 272-1110
Facsimile: (401) 351-6641

/S/John S. Foley
John S. Foley #2060

## CERTIFICATION

I hereby certify that I served the within document by electronic filing to the following counsel of record: Robert E. Collins, Esq., rcollins@clinmuzyka.com and Michael R. Hagopian, Esq., michael@mhagopianlaw.com; and by regular mail, postage prepaid, to **Thomas J. Muzyka, Esq.**, Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, MA 02108, on the 8th day of April, 2008.

/S/John S. Foley
John S. Foley Bar #2060

Sutherland P082