**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

LYNN M. SUTHERLAND

vs. C. A. NO.: 05-450 S

HYC, INC. and JEFFREY BARROWS

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW**

Every condition or device that has been found to pose an open and obvious risk of danger has been the kind of device or condition that is familiar to people in general and commonly encountered in daily life. The turning block that injured plaintiff, however, is an unfamiliar device that is not commonly encountered in daily life. Therefore, no reasonable jury could find, based on the evidence presented, that the danger posed by the turning block that injured plaintiff was open and obvious. Consequently, plaintiff is entitled to judgment as a matter of law on this defense.[1]

The trial record establishes conclusively that when she boarded Heritage, plaintiff had no experience sailing or operating sailboat equipment, and was unfamiliar with sailboats, sailboat equipment, and sailboat operations. In her charter sail on American Eagle in 2003, she sat on a bench seat and neither participated in the sailing activities nor observed how those activities were being carried out. To a person who is ignorant of all things related to sailing, a turning block would clearly not be the kind of device whose danger would be readily apparent and understood. All of the cases cited to the Court so far on this issue, and all of the cases of which plaintiff is aware, that have found a device

[1] Plaintiff submits, as she has argued previously, that the issue of whether the turning block was open and obvious is a question of law for the court, not a question of fact for the jury. This motion is made in the event the Court disagrees with plaintiff and determines that it is a factual issue for the jury.

or condition to be open and obvious have involved risks of danger that are commonly encountered and easily understood and appreciated from the regular experiences of daily life. Spinning lawn mower blades (Kuras v. International Harvester Co., 820 F.2d 15, 18 (1st Cir. 1987)), electric wires (Diodato v. United States, 972 F.2d 337 (1st Cir. 1992)), hurricane-force winds (Zahares-Cody v. Norwegian Cruise Line, Ltd., 2005 A.M.C. 994, 2005 WL 3692832 (Fla. Cir. Ct., 2005)), shower stall ledges (Luby v. Carnival Cruise Lines, Inc., 633 F. Supp. 40 (S.D. Fla., 1986)), bridges without railings (Bonney v. Canadian National Railway Company, 800 F.2d 274 (1st Cir. 1986)), motorcycles (Shaffer v. AMF, Inc., 842 F.2d 893 (6th Cir. 1988)), and stacked luggage (Gorfinkle v. US Airways, Inc., 431 F.3d 19 (1st Cir. 2005)) are the types of dangers that are open and obvious because people know about, commonly encounter, and are therefore familiar with lawn mowers, electricity, high winds, showers, bridges, motorcycles, and luggage. The common thread in all of the cases that have found a risk of danger to be open and obvious is that the danger must be posed by something that is familiar, so that the risk presented is easily perceived, appreciated, and understood.

The risk of danger posed by the turning block is clearly unlike any of the types of risks that courts have found to be open and obvious. Sailboat turning blocks are, of course, peculiar to sailboats, and are therefore not encountered in daily life, unless one's activities involve sailing. But a passenger on a sailboat who is ignorant of all things related to sailing would have no basis for an understanding or appreciation of the device or how and when it functioned. Therefore, the risk of danger posed by the turning block could not have been easily understood and appreciated by plaintiff, and no reasonable jury could find that it was. Consequently, this is an issue that lacks a sufficient

evidentiary basis for a jury decision in favor of defendants, and judgment as a matter of law should be granted to plaintiff on this defense.

LYNN M. SUTHERLAND

By her Attorneys,

Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903
Telephone: (401) 272-1110
Facsimile: (401) 351-6641

/S/John S. Foley
John S. Foley Bar #2060

**CERTIFICATION**

I hereby certify that I served the within document by electronic filing to the following counsel of record: **Robert E. Collins, Esq.**, rcollins@clinmuzyka.com and **Michael Hagopian, Esq.**, michael@mhagopianlaw.com; and by hand-delivery to **Thomas J. Muzyka, Esq.**, Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, MA 02108 on the 21st day of April, 2008.

/S/John S. Foley
John S. Foley Bar #2060

Sutherland P086