UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LYNN M. SUTHERLAND

vs. C. A. NO.: 05-450 S

HYC, INC. and JEFFREY BARROWS

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF COSTS**

As the prevailing party in this case, plaintiff is entitled to an award of costs under Fed. R. Civ. P. 54(d)(1). The costs that may be awarded are set forth in 28 U.S.C. §1920. Plaintiff has submitted a Bill of Costs that requests that costs be allowed for fees of the clerk (28 U.S.C. §1920(1)), fees for deposition expenses (28 U.S.C. §1920(2) and §1920(3)) and fees for witness attendance at trial (28 U.S.C. §1920(2)), totaling $13,065.37.

First, plaintiff seeks reimbursement for fees of the clerk. Pursuant to 28 U.S.C. §1914, plaintiff paid a filing fee to institute this civil action, which, at the time of filing, was $250. This fee is taxable as a cost under 28 U.S.C. §1920(1).

Deposition fees are recoverable under 28 U.S.C. §1920. 10 Moore's Federal Practice §54.103[3][c][i] (3rd ed. 2007). All of the depositions for which plaintiff seeks reimbursement were necessary for the proper investigation of the facts surrounding plaintiff's injury or the presentation of evidence at trial. The depositions that were taken and the expense associated with each are set forth in the schedule attached to the Bill of Costs, and the invoices showing the deposition fees are also provided.

The final category of costs for which plaintiff seeks reimbursement is fees for trial witnesses, which are taxable under 28 U.S.C. §1920(3). The fees that may be taxed under this statute are particularized in 28 U.S.C. §1821. Under §1821(b), every witness is entitled to "an attendance fee of $40 per day for each day's attendance." For mileage for witnesses who drove to Providence, plaintiff has used the rate of $0.505 per mile, which is the United States General Services Administration Privately Owned Vehicle Mileage Reimbursement Rate, as required by §1821(c)(2). For witnesses Lenox, Derry, and Hodson, who traveled to Rhode Island by commercial carrier, their plane or train expenses are listed in the "Total Cost" column of the "Mileage" category on the bill of costs, since no separate space is provided on the form for such travel-related expenses.

Plaintiff also claims reimbursement for a subsistence allowance, as permitted by 28 U.S.C. §1821(d), which provides for such allowances "when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day." This amount is requested for those witnesses who traveled to Rhode Island the night before they were scheduled to testify in order to be available for testimony at the Court's 9:00 a.m. start time. The rate that plaintiff requests for this subsistence allowance, $152 (composed of a lodging allowance of $103 and a meals and incidental expenses allowance of $49), is that established by the United States General Services Administration for the Rhode Island geographical area for fiscal year 2008.

For these reasons, plaintiff requests that costs be taxed in her favor and against defendants in the total amount of $13,065.37, as set forth in plaintiff's Bill of Costs.

LYNN M. SUTHERLAND

By her Attorneys,

Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903
Telephone: (401) 272-1110
Facsimile: (401) 351-6641

/S/John S. Foley
John S. Foley Bar #2060

## CERTIFICATION

I hereby certify that I served the within document by electronic filing to the following counsel of record: **Robert E. Collins, Esq.**, rcollins@clinmuzyka.com and **Michael R. Hagopian, Esq.**, michael@mhagopianlaw.com; and by regular mail, postage prepaid, to **Thomas J. Muzyka, Esq.**, Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, MA 02108 on the 2nd day of May, 2008.

/S/John S. Foley
John S. Foley Bar #2060

Sutherland P093