**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO. 05-450-S**

**LYNN M. SUTHERLAND**
**Plaintiff,**

**vs.**

**HYC, INC. and JEFFREY BARROWS**
**Defendants.**

**DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW THAT PLAINTIFF HAS FAILED TO PROVE PRIVITY OR KNOWLEDGE**

Now come the defendants, HYC, Inc. and Jeffrey Barrows, in the above-entitled action, by and through their counsel, Clinton & Muzyka, P.C., and pursuant to Rule 50(b) of the Federal Rules of Civil Procedure respectfully renew their Motion for a Judgment as a Matter of Law that the plaintiff has failed to prove an unseaworthy condition and privity on HYC, Inc.'s behalf.

As grounds in support of their motion, the defendants submit the following for this Honorable Court's consideration.

On August 21, 2004, the plaintiff, Lynn Sutherland, was a passenger on the 12 Meter Yacht HERITAGE, owned by defendant HYC, Inc. The defendant, JEFFREY BARROWS, was the vessel's Master. During the charter cruise, the plaintiff suffered a

hand injury, resulting in a partial amputation of one finger and other injuries to her right hand.

The plaintiff maintains that the defendants failed to warn her of a dangerous condition.

The admitted and uncontested evidence supports that the vessel was staunch and fit upon the commencement of the voyage and its Master and crew were properly licensed, trained, familiar with the vessel, and competent. The admitted and uncontested evidence further supports that no equipment on the vessel failed and caused the plaintiff's injury. Further, there is no testimony that Captain Barrows, First Mate Cedar Poirier or Deckhand Emily Labnon were unfit for the intended charter. The admitted and uncontested evidence supports the competency of Captain Barrows, First Mate Cedar Poirier or Deckhand Emily Labnon. Thus, the admitted and uncontested evidence has established that when the vessel departed port [broke ground] on August 21, 2004, she was staunch, fit, and seaworthy and manned by a crew that was properly licensed, trained, familiar with the vessel, and competent. The plaintiff's sole graveman of negligence is that the Master failed to warn the plaintiff to keep her hands away from the turning block.

Jeffrey Barrows was also the President of the defendant corporation. The fact that Jeffrey Barrows was a defendant's

officer and was at the vessel's helm at the time of the injury does not prove, in and of itself, that the defendant corporation was aware of an unseaworthy condition or that it had privity with anyone who did have knowledge of an unseaworthy condition. *Ginop v. A 1984 Bayliner,* 242 F.Supp.2nd 482 (E.D.Mich 2003); *Estate of Muer v. Krabel,* 146 F.3rd 410 (6th Cir. 1998).

The Master's knowledge of an unseaworthy condition on a "seagoing" vessel at or prior to the commencement of the voyage is imputed to the owner. *See 46 U.S.C. §30506(e)* This section, however, is inapplicable to the case at bar because (1) there was no antecedent finding of an unseaworthy condition and (2) the S/V HERITAGE is not a "seagoing" vessel. The admitted and uncontested evidence is that S/V HERITAGE only sails in Narragansett Bay. The term "seagoing vessel" is explained in *TT Boat Corporation Limitation Proceedings,* 1999 AMC 2776 (E.D.La. 1999). The Court reasoned that a "vessel will normally be expected to engage in substantial operations beyond the nautical boundary line." The nautical boundary line referred to is the Demarcation Line between the Inland Rules of the Road and the International Rules of the Road. Here, the referenced boundary line stretches from Brenton Point in Newport, Rhode Island to Point Judith, Rhode Island and constitutes the entrance to Narragansett Bay.

Here, the failure to warn *is a classic case of operational negligence*. The vessel departed port in a staunch, fit, and seaworthy condition with a fit and able crew. Nothing more can be asked of the vessel owner. Any negligence that occurs after the commencement of the voyage is operational negligence not within the privity or knowledge of the vessel owner. A Master's operational negligence at sea is not attributable to the corporate owner. *In re Hellenic Inc.,* 252 F.3rd 391 (5th Cir. 2001).

**WHEREFORE,** the defendants HYC, Inc. and Jeffrey Barrows, pray that this Honorable Court enter Judgment as a Matter of Law that the Plaintiff has failed to prove has failed to prove that an unseaworthy condition and privity on HYC, Inc.'s behalf.

Respectfully submitted,

By their attorneys,

**CLINTON & MUZYKA, P.C.**

**"/S/Robert E. Collins"**
**Thomas J. Muzyka**
**MA BBO NO: 365540**
**Robert E. Collins**
**RI BAR NO: 2951**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165
(617) 720-3489 Fax

**CERTIFICATE OF SERVICE**

DECOF & DECOF
One Smith Hill
Providence, RI 02903

Attn: John S. Foley

I hereby certify that I electronically filed **Defendants' Renewed Motion for Judgment as a Matter of Law That Plaintiff has Failed to Prove Privity or Knowledge** on May 8, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above counsel has been effectuated by electronic means.

"/s/Robert E. Collins"