**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

LYNN M. SUTHERLAND

vs. C. A. NO.: 05-450 S

HYC, INC. and JEFFREY BARROWS

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF OBJECTION TO DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW THAT PLAINTIFF HAS FAILED TO PROVE PRIVITY OR KNOWLEDGE**

Defendants' renewed attempt to gain the benefit of the Limitation of Liability Act, 46 U.S.C. app. §183(a), suffers from the same fatal flaw as their original motion – it ignores the First Circuit's dispositive opinion in Carr v. PMS Fishing Corp., 191 F.3d 1 (1st Cir. 1999). Instead of acknowledging Carr, defendants set up and knock down a series of straw men. This Court should rule, as Carr compels, that limitation of liability is not available to defendant HYC, Inc., and deny defendants' motion for judgment as a matter of law on this issue.

An owner of a vessel is entitled to limit its liability only if the injury occurred "without the privity or knowledge of such owner . . .." 46 U.S.C. app. §183(a). In Carr, Judge Selya explained that, when the vessel in question is owned by a corporation, the test to determine whether the corporation had knowledge of, or was privy to, the act of negligence, "is whether culpable participation or neglect of duty can be attributed to an officer, managing agent, supervisor, or other high-level employee of the corporation." 191 F.3d at 4. This question is easily answered here, since defendant Barrows, who was determined by the jury to have acted negligently, is the only officer, director, and

decision-maker of HYC, Inc. Therefore, plaintiff's injury clearly was incurred *with* "the privity and knowledge of such owner" and limitation is therefore unavailable.

Despite the fact that plaintiff cited and relied on Carr in her Pretrial Memorandum, defendants continue to choose to ignore it, which shows that they have no argument to avoid the result it compels. Instead of acknowledging Carr, they set up straw-man arguments about unseaworthiness, the fitness and ability of the crew, and seagoing vessels and nautical boundary lines, all of which have nothing to do with this case. For example, their repeated reference to unseaworthiness and the condition of the vessel implies that defeating limitation depends on proof of unseaworthiness. This is not the case, since proof of *either* negligence or unseaworthiness, coupled with knowledge or privity, defeats limitation. Carr, 191 F.3d at 4 ("First, the court must determine whether negligence *or* unseaworthiness caused the accident." (emphasis added)). Plaintiff does not have to prove unseaworthiness to defeat limitation, and has never alleged that Heritage was unseaworthy. Therefore, it is a completely irrelevant topic, as are defendants' discussions related to the fitness of the crew and whether imputation is permissible under 46 U.S.C. §30506(e). Negligence has been proven, and Barrows's status as the only officer, director, and decision-maker of HYC, Inc. mandates a finding of knowledge and privity under Carr.

When all of defendants' misdirection and obfuscation is cleared away, and attention is properly focused on the analysis of Carr and the undisputed facts of defendant Barrows's status as the sole officer, director, and decision-maker of HYC, Inc., it becomes obvious that the claim that HYC, Inc. is entitled to limitation of liability must summarily be rejected.

Respectfully submitted,

LYNN M. SUTHERLAND

By her Attorneys,

Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903
Telephone: (401) 272-1110
Facsimile: (401) 351-6641

/S/John S. Foley
John S. Foley #2060

**CERTIFICATION**

I hereby certify that I served the within document by electronic filing to the following counsel of record: **Robert E. Collins, Esq.**, rcollins@clinmuzyka.com and **Michael M. Hagopian, Esq.**, michael@mhagopianlaw.com; and by regular mail, postage prepaid, to **Thomas J. Muzyka, Esq.**, Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, MA 02108, on the 16th day of May, 2008.

/S/John S. Foley
John S. Foley Bar #2060

Sutherland P096