**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

LYNN M. SUTHERLAND

vs. C. A. NO.: 05-450 S

HYC, INC. and JEFFREY BARROWS

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF OBJECTION TO DEFENDANT JEFFREY BARROWS'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendant Jeffrey Barrows's Renewed Motion for Judgment as a Matter of Law basically recites the same grounds as were relied on when the motion was initially made at trial, and plaintiff therefore refers the Court to the memorandum she filed in support of her objection to that motion. That memorandum explains why defendant Barrows's reliance on Jones Act, Oil Pollution Act, and broker/agent cases is misplaced and provides no basis for a ruling here that Barrows, who has been determined by the jury to be a tortfeasor, has some kind of maritime immunity from liability that would not be recognized in any other tort context. No such immunity exists. Like any other non-immune tortfeasor, Barrows is liable for the damages caused by his own negligence.

At trial, defendant argued in support of his motion that suits by passengers, like the instant case, are always filed against the corporate owner of the vessel and never against the individual whose negligence caused the injury. That the owner is the customary defendant in passenger claims has everything to do with the principle of limitation of liability and nothing to do with any illusory legal bar against suing the individual tortfeasor. Most passenger cases involve injuries on cruise ships, where the Limitation of Liability Act is irrelevant because the value of the cruise ship always

exceeds the injured person's damages. Here, the value of Heritage is somewhere around $100,000, whereas plaintiff's damages have been assessed by the jury to be over $2 million. Since limitation of liability is only available to the owner of the vessel, here HYC, Inc., defendant Barrows cannot claim limitation, and so until limitation is denied,[1] he is an important defendant.

Since defendant seeks dismissal, the burden is on him to cite authority that supports his argument, yet he still fails to cite one case that stands for the proposition that a tortfeasor whose negligence causes an injury to a passenger aboard a vessel has no personal liability for his tort. Clearly, this species of immunity would be unknown on land or at common law. If Barrows formed a corporation to buy a charter bus, then drove it negligently and injured a passenger, there is no question he would be directly liable to the passenger, and that the corporate owner would be vicariously liable. However, there may be no strong incentive to include him as a defendant because there is no land-based equivalent to the Limitation of Liability Act that would limit the liability of the corporation that owned the bus. Defendant has not explained why this universal rule of individual responsibility for tortious conduct does not apply to him simply because his tort was committed on a sailboat.

Neither does defendant Barrows's decision to create a corporation to own Heritage and operate its charter business provide a shield for him against personal liability. If this were the case, then every doctor could avoid being sued for malpractice simply by forming a corporation and operating his practice under it. Obviously, this

[1] As explained in Plaintiff's Memorandum in Support of Objection to Defendants' Motion for Judgment as a Matter of Law that Plaintiff Has Failed to Prove Privity or Knowledge, the First Circuit's holding in Carr v. PMS Fishing Corp., 191 F.3d 1 (1st Cir. 1999), as applied to the facts of this case, defeats HYC's limitation claim.

cannot be done. While Barrows can employ the corporate business form to avoid personal liability for the debts of the corporation, or personal liability for the torts of other corporate agents, servants, or employees, he cannot use the ownership of Heritage by HYC, Inc. to avoid responsibility for his own personal tortious conduct.

There is no legal principle that immunizes Barrows from liability for his own personal negligence that injured plaintiff. Since he seeks dismissal, the burden is on him to identify some legal principle that grants him the immunity from liability that he seeks. Because he has failed to identify any authority for the novel proposition he advances, his motion for judgment as a matter of law that he is not a proper defendant must be denied.

Respectfully submitted,

LYNN M. SUTHERLAND

By her Attorneys,

Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903
Telephone: (401) 272-1110
Facsimile: (401) 351-6641

/S/John S. Foley
John S. Foley #2060

## CERTIFICATION

I hereby certify that I served the within document by electronic filing to the following counsel of record: **Robert E. Collins, Esq.**, rcollins@clinmuzyka.com and **Michael M. Hagopian, Esq.**, michael@mhagopianlaw.com; and by regular mail, postage prepaid, to **Thomas J. Muzyka, Esq.**, Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, MA 02108, on the 16th day of May, 2008.

/S/John S. Foley
John S. Foley Bar #2060

Sutherland P098