**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

LYNN M. SUTHERLAND

vs. C. A. NO.: 05-450 S

HYC, INC. and JEFFREY BARROWS

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

At the close of all the evidence, plaintiff moved, pursuant to Fed. R. Civ. P. 50(a), for judgment as a matter of law on defendants' "open and obvious" defense, arguing that no reasonable jury could find that the danger posed by the turning block was an open and obvious risk to a person in plaintiff's position. Plaintiff now renews that motion, pursuant to Fed. R. Civ. P. 50(b). The motion should be granted because the evidence did not supply a legally sufficient basis for the jury to find that the risk of danger posed by the turning block was open and obvious.

Plaintiff incorporates here her arguments contained in her memoranda submitted in support of her objection to defendant's motion for summary judgment and in support of her trial motion for judgment as a matter of law on the open and obvious defense. In short, the turning block on Heritage is in no way comparable to any of the devices or conditions that courts have found to be open and obvious risks of danger. Those dangerous devices or conditions that have been determined to be open and obvious have uniformly been the kinds of things that are commonly encountered in daily life and would be universally understood to pose a risk of danger. A sailboat turning block is simply not that kind of device. Most people live their entire lives without encountering a

sailboat turning block or even knowing what one is, so it is illogical to suggest that the risk it poses is open and obvious. This is especially true with respect to charter passengers like plaintiff, who have no experience sailing. Such people have no frame of reference for perceiving and understanding the function of the turning block, and without this there can be no appreciation of the device's risk of harm. Moreover, during the vast majority of the time Heritage is sailing, the block is inert, so merely being on the boat would not provide a non-sailor with an informed awareness of what the block was and the danger it posed.

For these reasons, and the reasons set forth in plaintiff's prior memoranda on this issue, this Court should rule that no reasonable jury could find, based on the evidence presented, that the danger posed by the turning block was open and obvious, and should grant plaintiff's Motion for Judgment as a Matter of Law on this defense.

Respectfully submitted,

LYNN M. SUTHERLAND

By her Attorneys,

Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903
Telephone: (401) 272-1110
Facsimile: (401) 351-6641

/S/John S. Foley
John S. Foley #2060

**CERTIFICATION**

I hereby certify that I served the within document by electronic filing to the following counsel of record: **Robert E. Collins, Esq.**, rcollins@clinmuzyka.com and **Michael M. Hagopian, Esq.**, michael@mhagopianlaw.com; and by regular mail, postage prepaid, to **Thomas J. Muzyka, Esq.**, Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, MA 02108, on the 16th day of May, 2008.

/S/John S. Foley
John S. Foley Bar #2060

Sutherland P099