**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO. 05-450-S**

**LYNN M. SUTHERLAND,**
**Plaintiff,**

**VS.**

**HYC, INC. and JEFFREY BARROWS,**
**Defendants.**

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S**
**MOTION FOR AWARD OF COSTS**

Now come the defendants, HYC, Inc. and Jeffrey Barrows, in the above entitled action, by their counsel and submit their Opposition to Plaintiff's Motion for Award of Costs.

This action involves a claim for personal injury commenced by a passenger on the S/Y HERITAGE on August 21, 2004. The matter proceeded to trial with a verdict in favor of the Plaintiff entered on April 24, 2008. On May 2, 2008, Plaintiff filed her Motion for Award of Costs, seeking $13,065.37. Defendants herein submit their Opposition to certain costs sought by the Plaintiff, as not being properly recoverable under Rule 54(d) of the Federal Rules of Civil Procedure, 28 U.S.C. §1920, and/or 28 U.S.C. §1821.

## I. DEPOSITIONS

Plaintiff seeks recovery of the costs of the

transcripts for twenty-five (25) depositions. The taxation of costs for deposition transcripts is governed by 28 U.S.C. §1920(2) which provides

> **(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;…**

In *Templeman v. Cris Craft Corporation, 770 F.2nd 245 (1st Cir. 1985),* the First Circuit, per Circuit Judge Bownes, held "that if depositions are either introduced in evidence or used at trial, their costs should be taxable to the losing party. It is within the discretion of the district court to tax deposition costs if special circumstances warrant it, even though the depositions were not put into evidence or used at the trial." *Id at 249.* Here, Plaintiff seeks reimbursement for the costs of the transcript of Kelly Sutherland, George Boulukas, and Patricia Hodson. These witnesses did not testify at trial and their deposition transcripts were not used at all at the trial of this matter. *See Coleman v. Roadway Express, 158 F.Supp 2nd 1304 (M.D. Ala 2001); Neles-Jamesbury, Inc. v. Fisher Controls Intern., Inc., 140 F.Supp 2nd 104 (D.Ma 2001).* Accordingly, Defendants pray this Honorable Court deny the taxation of the costs of the depositions of Kelly Sutherland, George Boulukas, and Patricia Hodson. Those costs are as follows:

Kelly Sutherland…………………………….$136.75

George Boulukas..............................$116.25

Patricia Hodson.............................. $88.75

$341.75

Additionally, Plaintiff seeks the cost of the deposition transcripts for Allan Feldman, PhD., Richard Schuster, PhD, John Lenox, M.D., and Patrick Derry. Those witnesses were all expert witnesses for the Plaintiff. The depositions were taken by the defendants during the expert discovery phase of discovery. If they were used by any party, it was the Defendants, and not the Plaintiff. Thus, defendants pray this Honorable Court exercise its extensive discretion and deny the taxation of costs for the deposition transcripts for Plaintiff's experts that were taken by the defendants for use by the defendants in the defense of the Plaintiff's claim. Those costs are as follows:

Allan Feldman, PhD.............................$240.80

Richard Schuster, PhD....................$230.75

John Lenox, M.D.......................................$255.04

Patrick Derry............................................$419.20

$1145.79

## II. <u>MISCELLANEOUS EXPENSES</u>

As indicated above, 28 U.S.C. §1920(2) allows recovery of the "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case". In *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 446 (1987), the Supreme Court "h[e]ld that absent explicit statutory or contractual authorization for

the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Id.* at 445. Although there were some early cases suggesting that copies of the deposition transcripts were not recoverable, Defendant does not dispute the recoverability of the transcript copies for depositions necessarily used at trial. *See Templeman v. Chris Craft Corporation, 770 F.2nd 245 (1st Cir. 1985).* Defendant does, however, dispute the incidental charges sought to be included in the Bill of Costs.

1. Deposition of Lynn Sutherland

Defendant does not dispute that the Plaintiff is entitled to recover the cost of the deposition transcript, but the Plaintiff also seeks recovery of the cost of a CD, processing fee, and shipping and handling. The cost of the CD was for the convenience of the attorney and not properly recoverable. *See Modick v. Carvel Stores of New York, Inc., 209 F.Supp 361 (S.D.N.Y. 1962); Hugney v. Consolidated Coal Co., 59 F.R.D. 258 (W.D.Pa. 1973). See also Viacao Aerea Sao Paulo, S.A. v. International Lease Finance Corp, 119 FRD 435 (C.D. Cal 1988),* where the holding as to recoverability of deposition transcript copies has been rejected by *Alflex Corp v. Underwriters Laboratories, Inc., 914 F.2nd 175 (9th Cir. 1990),* but the holding as to the non-recoverability of incidental charges.

Thus, Defendant disputes the recoverability of the cost for the CD, processing fee and shipping and handling at the level of $49.00.

2. Deposition of Cedar Poirier

Defendant disputes the recoverability of the attendance fee, min-u-script and e-transcript. *See Harkins v. Riverboat Services, Inc., 286 F./Supp2nd 976 (N.D.Ill. 2003)(cost of ASCII disks of transcript was duplicative of paper copy and obtained for the convenience of counsel); Intermedics, Inc. v. Ventritex, Inc., 1993 WL 515879 (N.D.Cal 1993), aff'd without opinion 39 F.3rd 1196 (Fed. Cir. 1994).* Defendant prays this Honorable Court disallow $97.50, the cost of the attendance fee, min-u-script and e-transcript.

3. Video-taped Deposition of Cedar Poirier

For the reasons previously stated, Defendant prays this Honorable Court disallow $41.00, the cost of the processing fee and e-transcript.

4. Deposition of Jeffrey Barrows

For the reasons previously stated, Defendant prays this Honorable Court disallow the costs of the attendance fee, min-u-script, and e-transcript at the level of $72.50.

5. Video-taped and Discovery Deposition of Emily Labnon

For the reasons previously stated, Defendant prays this Honorable Court disallow the costs of the e-transcript, processing fee and courier fee at the level of $84.00

6. Deposition of Joanne and Duncan MacInnes

For the reasons previously stated, Defendant prays this Honorable Court disallow the processing fee at the level of $6.00.

7. Depositions of John Sutherland and Kelly Sutherland

For the reasons previously stated, Defendant prays this Honorable Court disallow the cost of the ASCII and courier/mailing at the level of $97.50.

8. Depositions of Boulukas (2), Stearns, and Hodson (2)

For the reasons previously stated, Defendant prays this Honorable Court disallow the courier/mailing charge at the level of $17.50

9. Deposition of James Smiros

For the reasons previously stated, Defendant prays this Honorable Court disallow the courier/mailing charge at the level of $22.50

10. Deposition of Dr. Griggs

For the reasons previously stated, Defendant prays this Honorable Court disallow the attendance fee and

cost of the e-transcript at the level of $60.00

11. Costs of Videotape of Dr. Griggs

This invoice is separate and distinct from the cost of the transcript for the deposition of Dr. Griggs, which is item 10 above. The cost of the videotaping of the deposition is not recoverable. *Jensen .v Lawler, 338 F.Supp 2nd 739 (N.D. Tex. 2004); Robinson v. Burlington Northern R.Co., 963 F.Supp 691 (N.D. Ill. 1997).* Defendant prays this Honorable Court disallow the cost for the videotaping of the deposition of Dr. Griggs at the level of $310.00.

12. Deposition of Deborah J. Veatch

For the reasons previously stated, Defendant prays this Honorable Court disallow the attendance fee, and e-transcript charges at the level of $60.00.

13. Deposition of Peter Ashton

For the reasons previously stated, Defendant prays this Honorable Court disallow the attendance fee, mileage, and e-transcript charges at the level of $119.16. Defendant notes that the mileage charge is not for the witness, which would be recoverable, but is, instead, for the stenographer, which is not recoverable.

14. Deposition of Dr. Hotchkiss

For the reasons previously stated, Defendant prays this Honorable Court to disallow the attendance fee,

videographer charge, videographer charge, DVD format, and federal express charge a the level of $588.65

15. Deposition of David Dubois

For the reasons previously stated, Defendant prays this Honorable Court disallow the attendance fee, e-transcript, and mileage charges at the level of $95.70.

**III. CONCLUSION**

Plaintiff has submitted a Bill of Costs at the level of $13,065.37. For the reasons stated above, Defendant prays this Honorable Court disallow $3,210.35.

**WHEREFORE**, the Defendants move this Honorable Court to partially deny Plaintiff’s Bill of Costs, awarding only those charges properly recoverable under Rule 54(d), 28 U.S.C. §1920 and/or 28 U.S.C. §1821, which Defendant asserts are at the level of $9,855.02.

Respectfully submitted,

By their attorneys,

**CLINTON & MUZYKA, P.C.**

“/s/ Robert E. Collins”
**Thomas J. Muzyka**
**Pro Hac Vice**
**Robert E. Collins**
**RI BAR NO: 2951**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

Dated: May 19, 2008

**CERTIFICATE OF SERVICE**

DECOF & DECOF
One Smith Hill
Providence, RI 02903

Attn: John S. Foley

I hereby certify that I electronically filed **Defendants' Opposition to Plaintiff's Bill of Costs** on May 19, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above counsel has been effectuated by electronic means.

"/s/Robert E. Collins"
Robert E. Collins