**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO. 05-450-S**

**LYNN M. SUTHERLAND**
**Plaintiff,**

**vs.**

**HYC, INC. and JEFFREY BARROWS**
**Defendants.**

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

Now come the defendants, HYC, Inc. and Jeffrey Barrows, in the above-entitled actions, by and through their undersigned counsel, Clinton & Muzyka, P.C., and respectfully submit their Opposition to Plaintiff's Renewed Motion for Judgment as a Matter of Law.

As grounds in support of their opposition, the defendants submit the following for this Honorable Court's consideration.

The plaintiff asserts that because a turning block is an unfamiliar device not commonly encountered in daily life, "no reasonable jury could find that the danger posed by the turning block was an open and obvious risk to a person in plaintiff's position." However, the plaintiff

misstates the standard to determine whether a condition is open and obvious. As a general precept, while there is a duty to warn passengers of dangers, this obligation extends only to those dangers which *are not apparent and obvious* to the passenger. *Luby v. Carnival Cruise Lines, Ltd.,* 633 F. Supp. 40 (S.D. Fla. 1986), *aff'd mem.,* 808 F.2d 60 (11th Cir. 1986); *N. V. Stoomvaart Maatschappij Nederland v. Throner,* 345 F.2d 472 (5th Cir. 1965); *Zahares-Cody v. Norwegian Cruise Line Limited*, 2005 AMC 994 (11th. Fla. Cir. 2005). It is well settled that open, obvious, and apparent dangers are dangers a reasonably prudent person would take reasonable steps to avoid. *McMellon v. United States, 395 F.Supp.2nd 422 (S.D.W.Virg. 2005).* It matters not that the specific danger may not be something specifically encountered in daily life. The mere fact that there were lines going through the block should put a reasonable person on notice that they should keep his or her fingers clear of the block.

Here, the S/Y HERITAGE was near the end of a four (4) hour charter. During the 2 hour and 40 minute cruise the vessel had been racing other 12 Meter Yachts, with some success. The racing and sailing entailed some 15 to 60 tacks which require the sail to move from one side of the mast to the other side with the sail sheets [lines]

passing through the turning blocks. The turning blocks are positioned approximately amidship, one on each side of the cockpit. The sail sheets [lines] lead from the drum on the forward deck by the “coffee grinders” aft to the turning block and then forward along the deck and up to the sail. This configuration and the sail sheets movements were in plain view and not obstructed.

The plaintiff’s testimony that she did not view the turning block or the sail sheets does not create an issue of fact concerning the openness and obviousness of this alleged danger posed by the moving sail sheets [lines]. As stated in *Zahares-Cody v. Norwegian Cruise Line Limited, supra.:*

> ***This is because the “open and obvious” standard does not require actual notice of the danger. To the contrary, a defendant is entitled to expect, as a matter of law, that the Plaintiff would perceive that which would be obvious to her upon ordinary use of her senses. Luby v. Carnival Cruise Lines, Ltd.,*** **1986 AMC 2330, 2331-32, 633 F. Supp. 40, 42 (S.D. Fla. 1986).** ***The Plaintiff knew, or should have known, by the ordinary use of her senses, that it was dangerous to stand on deck in the conditions on the day in question.***

*Id. at 996.*

It is apparent from the testimony of Robert Hodson, Duncan MacInnes and Joan MacInnes, as well as the testimony of the Plaintiff and her husband John

Sutherland, that the turning block on the S/V HERITAGE was in clear view of all passengers by the ordinary use of their senses. Further evidence of the open and obvious nature of the turning block is that whenever a vessel maneuver was performed, the sheet [line] traveling through the turning block would make sufficient noise that it was apparent to all passengers that each vessel maneuver, which was audibly announced, would be followed by a movement of the sail and the associated sheets [lines]. The standard is objective, not subjective. Therefore, the mere fact that Plaintiff maintains that she was not aware of the risk of injury by the turning block is irrelevant. The issue is whether a reasonable person would have perceived the risk of injury. Plaintiff’s own expert, Captain Derry, admitted that the turning block was an open and obvious hazard and that by the use of ordinary senses a reasonably prudent passenger would have been aware of a risk of injury. He tried to qualify the opinion that a reasonably prudent inexperienced passenger would not have been aware of the extent to the injury but that is irrelevant. By the Plaintiff’s expert’s own admission the risk of injury by the open and obvious condition was apparent.

Even if the Court agrees that the standard to determine whether a danger is open and obvious requires that the danger be a device or condition that is familiar to people in general and commonly encountered in daily life, the Court should find that the danger posed by the sailing block is a condition that people in general commonly encounter in daily life, as a reasonable person should know not to put their fingers and hands in the way of lines going through pulleys.

Therefore, the defendants are not liable for failure to warn because the risk was "open and obvious" and a reasonable passenger would have appreciated the risk of injury. Accordingly, the finding of the jury in favor of defendants contains a sufficient evidentiary basis, and judgment as a matter of law should not be granted to the plaintiff on this defense.

Further, even if there was error of this Honorable Court in submitting the issue to the jury, the error was harmless. The jury found that even though the risk was open and obvious, due to special circumstances there was a duty to warn on the part of the defendants. See Restatement (Second) Torts §343A. Therefore, whether the issue of open and obvious should have been put to the jury is irrelevant because the jury found in Plaintiff's favor.

See Rule 61 of the Federal Rules of Civil Procedure; *Elwood v. Pina, 815 F.2nd 173 (1st Cir.1987)(whether jury instruction was incorrect is irrelevant in light of jury's verdict).*

Even if the submission of the question as to open and obvious to the jury is not harmless error, there is ample case support that the issue, where contested, is an issue of fact for the fact finder, and not an issue of law as the Plaintiff suggests. See for example *In re M/V DG HARMONY*, 518 F.3d 106 (2nd Cir. 2008); *Hodges v. Summer Fun Rentals, Inc.*, 203 Fed.Appx. 89 (9th Cir. 2006)( "We have held that 'the question of whether a risk is obvious or generally known is one of fact and thus should be decided by a trier of fact when reasonable minds may differ.'").

**WHEREFORE**, the defendants, HYC, Inc. and Jeffrey Barrows, pray that this Honorable Court deny the Plaintiff's Renewed Motion for Judgment as a Matter of Law on the issue of open and obvious.

Respectfully submitted,

By its attorney,

**CLINTON & MUZYKA, P.C.**

**"/S/Robert E. Collins"**
**Robert E. Collins**
**RIBAR NO: 2951**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165
(617) 720-3489 Fax

Dated: May 30, 2008

## CERTIFICATE OF SERVICE

DECOF & DECOF
One Smith Hill
Providence, RI 02903

Attn: John S. Foley

I hereby certify that I electronically filed **Defendants' Opposition to Plaintiff's Renewed Motion for Judgment as a Matter of Law** on May 30, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above counsel has been effectuated by electronic means.

"/s/Robert E. Collins"
Robert E. Collins