**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO. 05-450-S**

**LYNN M. SUTHERLAND,**
**Plaintiff,**

**VS.**

**HYC, INC. and JEFFREY BARROWS,**
**Defendants.**

# DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR NEW TRIAL

Now come the defendants, HYC, Inc. and Jeffrey Barrows, in the above entitled action, by their counsel and submit their Opposition to Plaintiff's Motion for New Trial.

This civil action arises from a personal injury sustained by the Plaintiff/passenger while onboard the S/Y HERITAGE on August 21, 2004. The matter proceeded to trial and the jury returned a verdict in Plaintiff's favor. The verdict was entered on the docket on April 24, 2008. The jury found for the Plaintiff on the issue of negligence, but assessed her to be eighty per cent [80%] at fault in causing her injury.

## I. STANDARD FOR MOTION FOR NEW TRIAL

The Plaintiff has filed a Motion for New Trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure. The Plaintiff selectively argues that the

jury’s finding that the Plaintiff was eighty per cent [80%] at fault was 1) based upon an error of law, 2) against the clear weight of the evidence, and 3) results in a manifest injustice.

Rule 59 of the Federal Rules of Civil Procedure does not enumerate specific grounds upon which the trial court may order a new trial. It simply states that, after a jury trial, a new trial may be granted "for any of the reasons for which new trials have heretofore been granted in action at law."

In *Coffran v. Hitchcock Clinic, Inc.,* 683 F.2nd 5 (1st Cir. 1982), the First Circuit Court of Appeals, per Circuit Judge Campbell, discussed the standard for a New Trial motion. The Court held:

> ***This court has described the proper standards in that situation, both for the trial judge's decision and for our own review, in Borras v. Sea-Land Service, Inc., 586 F.2d 881, 886-87 (1st Cir. 1978). We said there that the judge has a duty to set aside the verdict and grant a new trial if he is of the opinion that the verdict is against the clear weight of the evidence, or is based upon evidence which is false, or will result in a clear miscarriage of justice, quoting Aetna Casualty & Surety Co. v. Yeatts, 122 F.2d 350, 352 (4th Cir. 1941). Only if the trial judge commits an abuse of discretion in granting or denying a motion of this character will an appellate court reverse his decision. We went on to observe in Borras, however, that a “trial judge should not act merely as a ‘13th juror’ and set a verdict aside simply because he would have reached a different result had he been the trier of fact.” 586 F.2d at 887. Rather the judge's duty is to exercise a more limited***

> ***discretion. He should not interfere with the verdict "'unless it is quite clear that the jury has reached a seriously erroneous result.' " Id., at 887, quoting 6A Moore's Federal Practice P 59.08(5), at 59-160. We observed that the modern trend when reviewing the granting of new trials on the ground that the verdict is contrary to the great weight of the evidence is away from earlier decisions that the trial judge's discretion is virtually unlimited. Thus, the trial judge's discretion, although great, must be exercised with due regard to the rights of both parties to have questions which are fairly open resolved finally by the jury at a single trial.***

*Id.* at 6.

The plaintiff's contention that the jury verdict is against the "clear weight of the evidence" is a common basis for a new trial motion. A trial judge has a duty to set aside a verdict only if the judge is of the opinion that the verdict is against the clear weight of evidence, or is based upon evidence which is false or will result in a miscarriage of justice…" Coffran *v. Hitchcock Clinic, Inc.,* 683 F.2nd 5(1st Cir. 1982). A manifest error of law, for purposes of this rule, is one that is apparent, blatant, conspicuous, clearly evidence, and easily discernible from reading the judgment without reading the underlying decision. *Southern Pac. Co. v. Guthrie, 186 F.2nd 926 (9th Cir. 1951).*

No unerring standard exists to guide a court in making this determination, except that a verdict should be set aside where, after giving full respect to the jury's

findings, the judge "is left with the definite and firm conviction that a mistake has been committed by the jury." *Landes Const. Co., Inc. v. Royal Bank of Canada,* 833 F.2nd 1365 (9th Cir. 1987). Thus, in determining whether to grant a new trial motion based upon insufficiency of the evidence, the district court must weigh the evidence and assess for itself the credibility of witnesses. *White v. Pence,* 961 F.2nd 776 (8th Cir. 1992). In doing this, the court does not presume that the verdict is correct; nor does it view the evidence in the light most favorable to the party in whose favor the verdict was rendered. *See Smith v. Transworld Drilling Co.,* 773 F.2nd 610 (5th Cir. 1985). The jury verdict on comparative fault in this case is clearly based on substantial and credible evidence.

**II. JURY CHARGE AND DELIBRATION**

During the charge conference, the Trial Judge and counsel discussed in detail the issue of “open and obvious”, the intended charge, any amendments by counsel, and drafted the Verdict Form.

The Plaintiff’s counsel objected only to Question No. 1 on the Verdict Form and its accompanying charge. The Plaintiff did not object to any other portion of the Verdict Form or the Court’s charge. This includes the charge and Verdict Form Question Nos. 5 and 6 addressing the issue of the Plaintiff’s comparative fault.

After the Court's charge to the jury, the Plaintiff renewed her objection to Question No. 1 on the Verdict Form and the accompanying charge. *No other exceptions were taken.* Plaintiff argues in her Motion for New Trial that the jury charge and verdict form confused the jury in their assessment of comparative fault. At no time, either during the jury charge conference, prior to the jury charge or after the jury charge, was this issue ever raised by Plaintiff. Plaintiff never objected to the charge on comparative fault or the jury question on the verdict form. Plaintiff's only objection to the open and obvious charge and question was that it should have been an issue of law, not an issue of fact. At no time did Plaintiff indicate the potential for confusion or request any type of limiting instruction. Therefore, Plaintiff has waived any argument addressed to the jury instruction. *Goulet v. New Penn Motor Express, Inc., 512 F.3rd 34, 41 (1st Cir. 2008) ("Goulet said nothing about wanting a further charge along the lines he now requests. The argument is therefore waived")*

The jury was provided with a typewritten charge of the Court's instruction and Verdict Form. The jury deliberated over two [2] days without any question seeking clarification or explanation of the Court's instruction, typewritten charge or Verdict Form. The jury answered all

the questions on the Verdict Form consistently without any indication of confusion, lack of understanding or misapplication.

The jury found, upon the credible evidence, that the turning block was an open and obvious condition [Verdict Form Question No. 1], the defendants, under the circumstances, owed a duty to warn [Verdict Form Question No. 2], the defendants failed to warn the Plaintiff [Verdict Form Question No. 3], the failure was a proximate cause of the injury [Verdict Form Question No. 4], the Plaintiff contributed to her injury [Verdict Form Question No. 5], the Plaintiff's comparative fault was 80% [Verdict Form Question No. 6], the Plaintiff sustained damaged in the stated amounts [Verdict Form Question No. 7], and the Plaintiff was not entitled to pre-judgment interest [Verdict Form Question No. 8]. These written findings were clear, internally consistent, and manifested a complete understanding of the charge instruction on the law and its application to the jury's findings.

**III. <u>ERROR OF LAW</u>**

The Plaintiff argues as a basis for a New Trial, that this Honorable Court committed error by putting the issue of "open and obvious" to the jury. This argument is clearly incorrect, as there is strong legal support for the court's position that the issue of "open and obvious" is

initially a fact question for the jury. The court then rules as a matter of law on the effect of the jury's factual finding on the plaintiff's claim.

The only argument on the liability issue by the Plaintiff was a claim of negligence due to a failure to warn. As a general precept, while there is a duty to warn passengers of dangers, this obligation extends only to those dangers which *are not apparent and obvious* to the passenger. *Luby v. Carnival Cruise Lines, Ltd.,* 633 F. Supp. 40 (S.D. Fla. 1986), *aff'd mem.,* 808 F.2d 60 (11th Cir. 1986); *N. V. Stoomvaart Maatschappij Nederland v. Throner,* 345 F.2d 472 (5th Cir. 1965); *Zahares-Cody v. Norwegian Cruise Line Limited*, 2005 AMC 994 (11th. Fla. Cir. 2005). It is well settled that open, obvious, and apparent dangers are dangers a reasonably prudent person would take reasonable steps to avoid. *McMellon v. United States, 395 F.Supp.2nd 422 (S.D.W.Virg. 2005).* Where contested, the issue as to whether a condition is "open and obvious" as stated above is an issue of fact for the fact finder, and not an issue of law as the Plaintiff suggests. See for example *In re M/V DG HARMONY*, 518 F.3d 106 (2nd Cir. 2008); *Hodges v. Summer Fun Rentals, Inc.*, 203 Fed.Appx. 89 (9th Cir. 2006)( "We have held that 'the question of whether a risk is obvious or generally known is one of fact and thus should be decided by a trier of fact

when reasonable minds may differ.'"). Therefore, as a matter of law, there was no error of law by this Honorable Court in submitting the issue to the jury of whether the condition of the turning block and the sheet was an "open and obvious" condition.

Accordingly, Defendants move this Honorable Court to deny Plaintiff's Motion for New Trial on the basis that there was no error of law.

**IV. <u>AGAINST THE WEIGHT OF THE EVIDENCE</u>**

It is axiomatic that the question of actual apportionment of comparative fault is a question of fact for the jury. The issue of comparative or contributory negligence is generally reserved for the finder of fact. *American R. Co. of Porto Rico v. Ortega, 3 F.2nd 358 (1st Cir. 1924); Hodge v. Soper,* 17 Fed. Appx. 196 (4th Cir. 2001); *Thiele v. Norfolk & Western Ry. Co.,* 68 F.3d 179 (7th Cir. 1995)*; Milton Hambrice, Inc. v. State Farm Fire & Cas. Co*., 114 F.3d 722 (8th Cir. 1997); *Lillie v. U.S., 40 F.3d 1105, 30 Fed. R. Serv. 3d 1008 (10th Cir. 1994); Sharpe v. U.S., 936 F.2d 1178 (11th Cir. 1991); Paraskevaides v. Four Seasons Washington, 292 F.3d 886 (D.C. Cir. 2002).* The submission of even meager evidence of contributory negligence to the jury is required. *Kukurza v. General Electric Co., 510 F.2nd 1208 (1st Cir. 1975).* As indicated earlier, a court on a Motion for New Trial will

not disturb a jury's finding unless it is convinced that a miscarriage of justice has occurred.

There is substantial evidence to support the jury finding that the Plaintiff was comparatively at fault. For example, the Plaintiff herself admitted on the stand that if she had observed the turning block in action she would never have placed her hand on the top of the turning block. Thus, if she had used her senses, she would not have placed her hand in the position where she alleges her hand was immediately prior to the injury. In addition, the Plaintiff's own expert, Dr. John Lenox, opined that immediately prior to the injury Plaintiff had her hand on top of the turning block and admitted that the placement of her hand on the turning block would not be a prudent place to place her hands.

Defendant presented expert testimony by Dr. King that the plaintiff had actually grabbed onto the jib sheet immediately prior to the injury. Deckhands Cedar Poirier and Emily Labnon testified that this would not be a safe maritime practice even if the line was not moving. This was reinforced by Defendant's expert David Dubois.

Further, Plaintiff had been on a charter the year before on the S/Y AMERICAN EAGLE, another 12 Meter yacht that charters out of Newport. Additionally, the charter of the S/Y HERITAGE lasted approximately 3 hours and involved

from 15-60 tacks and gybes. Every tack and gybe involves the sail moving from one side of the vessel to the other, which necessitates the jib sheet (the rope from the grinder to the sail) moving through the turning block in which the incident occurred. Further, there are two turning blocks, one on the starboard (the one in which the incident occurred) and an identical one on the portside. Besides being visible on either side of the vessel, there is a sound from the turning blocks that can be heard when the sheet travels through the sheave of the turning block, further supporting the argument that the plaintiff had to be aware of the turning block prior to the accident.

The evidence also revealed that the normal procedure was followed when the tack in which the incident occurred. She was aware that a tack was about to occur. All factual witnesses testified that they were aware that a vessel maneuver was about to occur. The appropriate warning that a vessel maneuver was about to occur had been given by Robert Stearns, Jr. and Captain Barrows. Thus, Plaintiff failed to take proper precautions to avail herself of the situation aboard the vessel, even though she had ample opportunity to do so.

Plaintiffs Motion for New Trial additionally ignores the significant issues at trial concerning the credibility of the Plaintiff. The law is clear and unequivocal that

issues of credibility of any witness is a matter within the sound discretion of the jury. *Ayala-Rodriguez v. Rullan,* 511 F.3d 232 (1st Cir. 2007). It is for the jury to assess the testimony and choose to believe or disbelieve any evidence it so chooses, and that issue cannot be assessed by the trial court on a Motion for New Trial. *Mandel v. Boston Phoenix, Inc.,* 456 F.3d 198 (1st Cir. 2006). Plaintiff's argument that the verdict by the jury was inconsistent and, therefore, must be based upon confusion is premised on the fact that the jury must have believed everything that the Plaintiff stated in her testimony. In fact, there were significant issues as to the credibility of the Plaintiff. These issues were all referred to by Defendants in their closing argument and were plainly placed before the jury for their consideration. Plaintiff testified that ten (10) minutes prior to her injury she was standing on the portside and was struck by a wave that propelled her to the starboard side. Not one single fact witness, including her husband, supported this assertion. All witnesses testified that it was a breezy day, but there was no green water that was shipped over the rail of the vessel. All witnesses recalled her being seated on the starboard side for the totality of the cruise. No one recalled any incident where a wave came over the side of the vessel and threw Plaintiff to the starboard side.

Plaintiff testified that it was raining at the time of the incident and that the wind was blowing the rain across the vessel. No witness recalled it raining at the time of the incident. A couple of witnesses recalled it sprinkling at the beginning of the cruise, but it had stopped raining by the time the racing had begun. Plaintiff testified that she was standing, leaning backwards, at the time of her injury. No witness remembered her being in that position. Even her husband recalled her sitting on the starboard side the last time he saw her. Lastly, she testified that she did not place her hand on top of the turning block and that the ring on her right ring finger never became entangled in the sheet prior to her injury, as her own expert opined. She also affirmatively indicated that she did not grasp the sheet with her right hand prior to the injury. These statements are clearly contradictory because it is uncontested that somehow that Plaintiff's right hand was drawn into the starboard turning block. Thus, there were presented to the jury significant issues of credibility about the Plaintiff's testimony, such that the jury could have chosen to disbelieve her testimony as to her knowledge of the operation of the S/V HERITAGE on August 21, 2004 and instead could have believed that she was aware of the function and risk attendant to the turning block but was just careless at the time of the incident. As noted above,

there was ample evidence to support this jury conclusion and it cannot be disturbed by this Honorable Court. The court cannot be the 8th juror[1].

The argument presented by the Plaintiff is that the finding by the jury as to the Plaintiff being 80% comparatively at fault is against the clear weight of the evidence because she did not have actual knowledge of the turning block and the defendants did. This argument is clearly incorrect and was rejected by this Honorable Court. Question 1 on the Verdict Form requires the jury to determine whether the turning block was open and obvious "to a reasonable person with the Plaintiff's skill, education, experience." This is an objective standard clearly supported by applicable law. See for example *McMellon v. United States, 395 F.Supp.2nd 422 (S.D.W.Virg. 2005); Luby v. Carnival Cruise Lines, Ltd.,* 633 F. Supp. 40 (S.D. Fla. 1986), *aff'd mem.,* 808 F.2d 60 (11th Cir. 1986). Contrary to Plaintiff's assertion, there was ample evidence from which the jury could have concluded that the Plaintiff should have known about the risk of injury by the turning block. The jury found in answering Question 1 that the turning block **was** an open and obvious condition. Further, there is no testimony that there was ever anything that blocked the Plaintiff's vision of the turning block,

---

1 If this Honorable Court recalls, only seven (7) jurors deliberated

if she just turned around and looked at it. Several of the witnesses testified that when the sheet went through the turning block it made a distinctive sound. Further, Plaintiff herself testified that when she was propelled by the wave from the portside to the starboard side she had her hands directly in front of her and landed directly in front of the starboard turning block. Thus there was clearly at that time nothing that obstructed her view of the turning block.

Lastly, Plaintiff also makes the argument that for Plaintiff to have avoided the injury she would have had to have observed the maneuvers, observed the turning block, understand it forces and realize that by resting her hand on the block her fingers could be drawn in. Plaintiff's Memorandum at 7-8. Plaintiff asserts "This is simply too much to expect…" Plaintiff presents no cite for this assertion and it is clearly contrary to the unobjected charge to the jury by this Honorable Court, to which the Plaintiff's counsel took no objection. As previously indicated, at no time during the jury charge conference, prior to the jury charge or subsequent to the jury charge did the Plaintiff object to the jury charge on comparative negligence. This Honorable Court charged the jury, without objection by the Plaintiff, that "A passenger on a vessel

---

in this matter.

has a duty to use the care that a reasonably prudent person would use under the circumstances." This is clearly based on established law and was agreed to by the Plaintiff. See *Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625 (1959).* Thus, contrary to Plaintiff's assertion, it is not too much to expect. Defendant's had every reason to expect that the Plaintiff would use her senses to assess the circumstances and use those senses to avoid injury to herself. There is ample and compelling evidence that Plaintiff did not comply with this instruction. She failed to observe an open and obvious condition as found by the jury. She placed her hand in an admittedly inappropriate position. Plaintiff admitted on cross-examination that if she had observed the turning block she would have recognized the risk of injury. Each time a tack was initiated, the set procedure was followed, warning the passengers of an upcoming maneuver. Each passenger indicated that they were aware that prior to the initiation of the tack in which the Plaintiff was injured they were aware that a vessel maneuver was forthcoming, either because of hearing the maneuver warning or observation of the vessel position near the shore of Jamestown.

For all of the above reasons, Defendants pray this Honorable Court deny the Plaintiff's Motion for New Trial.

## V. MISCARRIAGE OF JUSTICE

In *Goulet v. New Penn Motor Express, Inc.,* 512 F.3rd 34 (1st Cir. 2008), the Court instructed:

> ***We may weigh the evidence but are mindful that "a jury's verdict on the facts should only be overturned in the most compelling circumstances." Velazquez v. Figueroa-Gomez, 996 F.2d 425, 427 (1st Cir.1993) (citations omitted). "We will uphold the jury's verdict unless the evidence points 'to one conclusion and one conclusion only: that the losing party was entitled to win.' " Sheek v. Asia Badger, Inc., 235 F.3d 687 (1st Cir.2000)***
> *Id. at 44.*

Accordingly, in order for there to be a manifest injustice, this Honorable Court must find that as a matter of law the jury's verdict was improper and that judgment should have been entered for Plaintiff. This is clearly not the case in this matter and Plaintiff does not even assert such.

First, as noted above, there is ample evidence to support the jury's finding of comparative fault by the Plaintiff. That finding by the jury is not against the weight of the evidence. Each argument presented in Section IV of this Opposition also applies to Defendants' argument that there was no miscarriage of justice. In addition, there is an even more elementary reason why there was no miscarriage of justice in this case.

As stated in *Goulet,* for there to be a "miscarriage of justice" this Honorable Court must determine that Plaintiff

should have won, to wit: that the jury should have found that Plaintiff was 0% at fault. Plaintiff herself does not even argue that. As noted on page one of Plaintiff's Memorandum, "The only rational assessment of comparative fault here, the only assessment that accords with the weight of the evidence, **is that defendants' negligence was greater than plaintiffs."** Plaintiff does not argue that the jury could not find any comparative fault by the Plaintiff. Therefore, Plaintiff is not arguing that the finding by the jury of comparative fault was improper and against the weight of the evidence. Plaintiff is only arguing that she should not have been found more at fault than the defendants. It logically follows that Plaintiff is not arguing that she was "entitled to win"; her argument is that she should not have lost so much. This does not meet the standard for miscarriage of justice as required by *Goulet* and the cases cited therein. The finding by the jury of comparative fault is, by the Plaintiff's own admission, proper. The finding of 80% comparative negligence, on the facts as outlined above, is not a miscarriage of justice. A fair and equitable trial was provided to the Plaintiff.

**WHEREFORE**, the Defendants pray this Honorable Court to deny Plaintiff's Motion for New Trial.

Respectfully submitted,

By their attorneys,

**CLINTON & MUZYKA, P.C.**

"/s/ Robert E. Collins"
**Thomas J. Muzyka**
**Pro Hac Vice**
**Robert E. Collins**
**RI BAR NO: 2951**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

Dated: June 4, 2008

## CERTIFICATE OF SERVICE

DECOF & DECOF
One Smith Hill
Providence, RI 02903

Attn: John S. Foley

I hereby certify that I electronically filed **Defendants' Opposition to Plaintiff's Motion for New Trial** on June 4, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above counsel has been effectuated by electronic means.

"/s/Robert E. Collins"
Robert E. Collins