**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

LYNN M. SUTHERLAND

vs. C. A. NO.: 05-450 S

HYC, INC. and JEFFREY BARROWS

**PLAINTIFF'S REPLY MEMORANDUM**
**IN SUPPORT OF MOTION FOR NEW TRIAL**

Plaintiff submits this memorandum in reply to the arguments made in Defendants' Opposition to Plaintiff's Motion for New Trial. Defendants' memorandum fails to provide any rationale to justify the jury's allocation of 80% comparative fault to plaintiff and only 20% to defendant. Instead, defendants' memorandum mischaracterizes plaintiff's arguments, attempts to apply inapposite case law to the comparative fault assessment challenged by plaintiff's motion, and fabricates so-called "significant issues. . . concerning the credibility of plaintiff" when no such credibility issues exist in this case. Defendants' most significant failure, however, is that they do not even attempt to compare the facts of the negligence of defendants with the facts that they allege show plaintiff's negligence, and so completely fail to offer any evidentiary rationale to try to support the jury's irrational assessment that plaintiff was four times more culpable than defendants.

First, defendants' discussion of the facts that they argue should have informed plaintiff of the function and danger of the turning block, facts that they claim justify a conclusion that she too was negligent in not discovering the risk of danger, fails to acknowledge that defendants were aware of those very same facts *and more*. For example, when they point to the fact that the turning block made noise when the jib sheet ran through it, they fail to acknowledge that *they*, unlike plaintiff, already knew exactly when and why the block made the noise, that it was because a line was running through it with great force and speed, and that a serious injury would be sure to result if a passenger got her hand caught in the block. And while defendants fault plaintiff for not "using her senses" to observe the turning block in action, they fail to admit that they didn't have to observe the turning block in action because they were already intimately familiar with the operation of the vessel and already knew precisely how and when the block worked. Defendants *actually knew* everything that they say plaintiff was negligent for *not knowing*. Significantly, they fail in their memorandum to even attempt to explain why this admitted and long-held knowledge and appreciation of the danger posed by the turning block should not have led the jury inevitably and inexorably to a conclusion that their negligence was at least equal to, if not greater than, plaintiff's negligence. This failure shows that such an argument simply cannot logically be maintained.

Second, defendants' attempt to manufacture "significant issues . . . concerning the credibility of the Plaintiff" (defendants' memorandum at 10) is groundless. Their purported goal in trying to challenge plaintiff's credibility is to try to provide some support for the absurd conclusion that "[plaintiff] was aware of the function and risk attendant to the turning block but was just careless at the time of the incident" (defendants' memorandum at 12). Of course, it is absurd to suggest that anyone who is actually aware of the function of, and the risk posed by, the turning block would allow their hand to come anywhere near it. "Careless" does not accurately describe such behavior; one would have to be mentally deranged to know about the risk of the turning block and nevertheless put her hand on or near it during a sail.

Regarding the recollections of the weather conditions at the time, plaintiff, who at all times testified in a forthright, direct, and extremely credible manner, obviously believed it was raining during the sail and that she was pushed from one side of the boat to the other by what she thought was a wave. That what she was likely experiencing was the spray of water incidental to sailing under windy conditions says everything about how unfamiliar with sailing she is and nothing about any lack of credibility on her part. And since there were no seats where plaintiff was located when she was hurt, defendants are playing semantic games when they suggest that her description of her position as "standing leaning backwards" is somehow a contradiction of the witnesses who say she was "sitting"

on the starboard side. A view of the cockpit area where plaintiff was located shows that a person in that spot could fairly be described as either "sitting" or "standing leaning backwards." There is simply no contradiction here. Moreover, there is certainly no reason to conclude that plaintiff had some secret familiarity with sailboat equipment and sailboat operations that she purposefully and perjuriously hid from this Court and the jury.

Defendants misapply *Goulet v. New Penn Motor Express, Inc.*, 512 F.3d 34 (1st Cir. 2008). That case involved an attempt by plaintiff to gain a new trial after the jury had found that a defendant was not liable to him. In that context, it made sense for the court to state that a new trial should be granted if the evidence points only to the conclusion "that the losing party was entitled to win." 512 F.3d at 44, citing *Sheek v. Asia Badger, Inc.*, 235 F.3d 687 (1st Cir. 2000). It makes no sense, however, to try to apply the standard of *Goulet* to a context like the instant case, which involves a fatally flawed assessment of comparative fault. Contrary to defendant's assertion[1], plaintiff does not argue, and this Court need not find, that plaintiff was without fault in order to find that the jury's allocation of 80% of the fault to her was against the weight of the evidence. The "entitled to win" standard of *Goulet* and *Sheek* is simply inapposite in a case where the new trial issue is comparative fault instead of a determination of liability or no liability.

---

[1] "As stated in *Goulet*, for there to be a 'miscarriage of justice' this Honorable Court must determine that Plaintiff should have won, to wit: that the jury should have found that Plaintiff was 0% at fault." Memorandum at 16-17.

Fourth, contrary to defendants' assertion (defendants' memorandum at 5), plaintiff does not argue that any parts of the jury charge that she did not object to constitute errors of law that justify a new trial. Plaintiff does not challenge the propriety of instructing the jury on comparative negligence, and does not claim that the jury verdict form confused the jury. Plaintiff's only contention regarding an error of law justifying a new trial is that the submission of the open-and-obvious issue to the jury likely confused the jury on the comparative issue by improperly focusing the jury toward the danger of the block and plaintiff's conduct, and away from defendants' knowledge and conduct. Since plaintiff consistently and repeatedly objected to the submission of this issue to the jury, she has not waived her claim that such submission amounted to an error of law that justifies a new trial.

Finally, defendants have not expressed in their opposition any disagreement with plaintiff's position (plaintiff's memorandum at 10-11) that no injustice will inure to defendants if a new trial is limited to the issue of comparative negligence. Therefore, the jury's seriously erroneous determination that plaintiff was four times more culpable than plaintiff can be cured in an expeditious fashion by retrying only the comparative negligence issue, a procedure expressly sanctioned by the Second Circuit in *Akermanis v. Sea-Land Services, Inc.*, 688 F.2d 898 (2d Cir. 1982).

For these reasons, plaintiff requests that her motion for new trial be granted.

LYNN M. SUTHERLAND

By her Attorneys,

Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903
Telephone: (401) 272-1110
Facsimile: (401) 351-6641

/S/John S. Foley
John S. Foley Bar #2060

## CERTIFICATION

I hereby certify that I served the within document by electronic filing to the following counsel of record: **Robert E. Collins, Esq.**, rcollins@clinmuzyka.com; and by regular mail, postage prepaid, to **Thomas J. Muzyka, Esq.**, Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, MA 02108 and **Craig J. Watkinson, Esq.,** 931 Jefferson Boulevard, Suite 2007, Warwick, RI 02886 on the 11th day of June, 2008.

/S/John S. Foley
John S. Foley Bar #2060

Sutherland P100